ELLENA LEUCI *vs.* MAX STERMAN ,& another.
SAVERIO LEUCI *vs.* SAME.

Suffolk. November 17, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Licensee. *Way,* Private. *Wanton or Reckless Misconduct.*

Where, in an action for personal injuries resulting from a door falling on the plaintiff from premises owned by the defendant bordering on a private street along which the plaintiff was passing, it appears that the deed of the premises to the defendant merely referred to a plan showing the private street, other streets and a public way and described these lots as on the plan, that the plaintiff lived on one of the streets shown on the plan, that the plaintiff was using the private street to get to the public street, which was usable for that purpose, and that there was another way that might have been and often was used for that purpose by the plaintiff; and there is no evidence of the title under which the plaintiff occupied premises shown on the plan or that the deed of the premises occupied by the plaintiff made any reference to the plan, to the private street or to any rights of way over it, and the evidence will not warrant a finding that the cause of the falling of the gate upon the plaintiff was reckless or wanton misconduct on the part of the defendant or of his servants or agents, a verdict properly may be ordered for the defendant, there being no evidence warranting a finding of a breach of duty of the defendant toward the plaintiff, whose rights in the use of the street were at most those of a licensee.

Evidence tending merely to show that the door, which fell upon the plaintiff in the action above described, was in a fence which was old and "very rotten . . . where it touched the ground," and that the door was held in place by "three bent spikes," two on the "left hand side," and one "on the right hand side," while it would warrant a finding that the door was insecurely fastened, would not warrant a finding that the defendant had been guilty of reckless and wanton misconduct toward the plaintiff.

Neither the absence of a notice or sign on the private street above described, indicating that it was a private way or warning the public against its use, nor the fact that the private way was laid out between lands of the defendant's predecessors in title and other abuttors, warranted a finding of any greater duty of the defendant to the plaintiff than that owed to a licensee.

Two ACTIONS OF TORT, the first action being for personal injuries received when a gate on premises of the defendant fell upon the plaintiff, then ten years of age, as she was passing along a private way in the rear of the defendant's premises, and the second action being by the father of the plaintiff in the first, for consequential damages. Writs dated October 21, 1919.

In the Superior Court, the actions were tried together before *Flynn*, J. The plan referred to in the opinion was in evidence and before this court. It was entitled "Plan of the Everett Avenue Syndicate Lands."

The evidence, referred to in the last paragraph of the opinion as excluded subject to an exception by the plaintiff, tended to prove that one of the defendants "said to the minor plaintiff's sister twenty minutes after the accident that he didn't care anyhow, that he had insurance."

Other material evidence is described in the opinion. At the close of the evidence, the judge ordered verdicts for the defendants; and the plaintiffs alleged exceptions.

*H. R. Scott*, for the plaintiffs.

*J. W. Coughlin*, (*J. M. Morrison* with him,) for the defendants.

CARROLL, J. These two actions of tort, one for personal injuries sustained by Ellena Leuci (hereinafter called the plaintiff), on a way in Chelsea known as Locust Street, and one for expenses paid by her father, were tried together. The plaintiff, who was ten years old at the time of the accident, lived with her parents on Vale Street, Chelsea. She was sent on an errand to Beach Street, Everett. On her return, while travelling on Locust Street, a door belonging to the defendants, which formed a part of the fence enclosing their property, fell upon her, causing the injuries complained of. The fence into which the door was nailed was old, and "very rotten . . . where it touched the ground." The door was held in place by "three bent spikes," two on the "left hand side," and one "on the right hand side." The jury could have found that it was insecurely fastened.

Locust Street has never been accepted as a public highway; it is not paved; is about forty feet wide, and has been used for travel. "There were ruts in Locust Street in the centre of the place on either side of these ruts, on both sides, rubbish was piled up in places, more space without than with rubbish. . . . There

is no special pathway in it. You can walk wherever you want to." The land on either side of the street belongs to various owners, the defendants' land, as indicated on the plan used at the trial, abutting on Locust Street; "both parties to the case are present owners or occupiers of separate lots shown on said plan. The plaintiffs are not owners of lots on the way known as Locust Street." It was agreed that the plaintiff was not invited by "any owner or occupier of property on Locust Street" to use the street.

There is shown on the plan a public highway called Everett Avenue, Locust Street, a way known as Carter Street, four other streets, and a plot of land divided into lots. There was evidence that the members of the plaintiff's family in going to Everett Avenue usually went by way of Carter Street, but "went by way of Locust Street sometimes." It is stated that there were "five houses on Vale Street at the back of the defendants' premises between Locust Street and Carter Street and plaintiff's family lived on Vale Street in one of the houses on the opposite side." Their title to these premises is not shown, nor is it shown that their deed, or the deed of those under whom they held or occupied, made any reference to the plan, to Locust Street or to any rights of way over it; and it does not appear that it was necessary to pass over Locust Street in order to reach the public highway, Everett Avenue. It does appear that the defendants took title to their property in 1919 by deed which refers to the plan "of the Everett Avenue Syndicate's Lands Re-survey," recorded in 1895.

Even if we assume that all the land shown on the plan, including that of the defendants and of the plaintiff, was owned by the same common grantor when the plan was recorded, the plaintiff has not shown that the deed of her land made any reference to the plan, and no right of way over Locust Street was appurtenant to her lot. *Regan* v. *Boston Gas Light Co.* 137 Mass. 37. *Pearson* v. *Allen*, 151 Mass. 79.

Locust Street has never been laid out as a public highway. There is no evidence that the public has any right of way in the street by prescription. See *Aikens* v. *New York, New Haven & Hartford Railroad*, 188 Mass. 547. It is a private way. The plaintiff was not invited to use it. She was at the most a licensee,

and the duty which the defendants owed her was to refrain from wilful, reckless or wanton conduct toward her. *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387. *Hafey* v. *Dwight Manuf. Co.* 240 Mass. 155. There was no evidence of any reckless, wilful or wanton conduct on the part of the defendants toward the plaintiff, and the plaintiff does not allege in her declaration that the defendants were guilty of such acts. On entering Locust Street, she took the risk of the conditions as they existed at the time and the defendants are not liable because the way was unsafe for travel. *Redigan* v. *Boston & Maine Railroad,* 155 Mass. 44. *Moffatt* v. *Kenny,* 174 Mass. 311. *Bowler* v. *Pacific Mills,* 200 Mass. 364. *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449.

There was no evidence that a notice or sign was posted on Locust Street indicating that it was a private way or warning the public against its use. The absence of such a sign, however, did not make the defendants liable to the plaintiff for mere negligence. She had no legal right to use the way, and the fact, that it was laid out between lands of the defendants' predecessors in title and other abuttors, does not change the rule.

In the case of *Barber* v. *C. W. H. Moulton Ladder Co.* 231 Mass. 507, the plaintiff was not a licensee. His father's house abutted on the private way and the plaintiff had no other means of access to his home. It was not shown that the defendant had any title to the land occupied by them and abutting on the way. In the case at bar the land occupied by the plaintiff's family was not on Locust Street. The land of the defendants did abut on this street; it was not necessary for the plaintiff to pass through Locust Street in travelling from her home to the public highway. Cases similar to *Gorham* v. *Gross,* 125 Mass. 232, where a party wall fell and injured the property of an adjoining owner; *Cavanagh* v. *Block,* 192 Mass. 63, where the plaintiff in using the private way stood in the place of an abutter and was in the exercise of a legal right when injured; *Fuller* v. *Andrew,* 230 Mass. 139, in which case a wharf was erected without a license and could have been found to be an obstruction to navigation; and *Woodman* v. *Shepard,* 238 Mass. 196, where a traveller on a public highway was injured by the falling of a sign from an adjoining building; and other cases where the same general rule is followed, cited by the plaintiff, are not applicable.

As the plaintiff cannot recover, we do not find it necessary to pass on the plaintiff's exception to the evidence excluded. In each case the exceptions are overruled.

*Exceptions overruled.*