MAURICE MINTZ *vs.* MINNIE A. WHITE & others.

Middlesex.     November 6, 7, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant,* Construction of lease, Quiet enjoyment. *Agency,* What constitutes, Independent contractor.

A lease in writing specified a certain portion of a store, "the premises to be divided in accordance to the plan attached, and made part of this lease." Previous leases had been of the whole store. Nothing was said by the parties before the execution of the lease concerning a passageway adjoining the rear of the store and shown on the plan attached to the lease. The lessor did not intend that the passageway should be included in the lease or that the use of it should be appurtenant to the leased premises. The use of the passageway was not necessary to the enjoyment by the lessee of the leased premises. In a suit in equity thereafter commenced by the lessee against the lessor, seeking to have the defendant enjoined from using the passageway and from proceeding with alterations to block it up, and also seeking damages for injury to the plaintiff's business and property "with dust and dirt" in the course of such alterations, it appeared that the work was performed by an independent contractor procured by the lessor. *Held,* that
  (1) The passageway was not included in the lease;

(2) Since the use of the passageway was not necessary to the enjoyment by the plaintiff of the leased premises, the right to such use could not be said to be appurtenant to the leased premises in the absence of clear intent of the parties that it should be appurtenant;

(3) The plaintiff was not entitled to have the defendant enjoined from using and altering the passageway;

(4) Since it did not appear that the defendant was negligent in his selection of the independent contractor who did the work of altering the passageway or that a nuisance was created thereby, the defendant was not liable to the plaintiff for damages even though injury may have been done to the plaintiff's property.

BILL IN EQUITY, filed in the Superior Court on December 27, 1928.

The bill and material facts found by a master to whom the suit was referred are described in the opinion. By orders of *Greenhalge*, J., and *Gray*, J., respectively, there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiff appealed.

*T. J. Colbert*, for the plaintiff.

*F. S. Wyner*, for the defendants.

CARROLL, J. The plaintiff is the lessee of certain premises in Malden which he holds under a written lease. The defendant White is the owner and lessor of the premises; the other defendants are alleged to be the lessor's agents. The plaintiff alleges that under the provisions of the lease he has the right of way over a "passageway adjoining the rear of a store, leading to the cellar and also on the first floor leading to an alleyway in the rear of said store, through which the" plaintiff "has been accustomed to take in and send out merchandise . . . and other materials"; that the defendants trespassed on the premises "by bringing thereon lumber, tools, barrels and wheelbarrels [*sic*] which blocked the said passageway"; that the defendants "by blocking up the said passageway and tearing down the same . . . and by having filled the said premises occupied by the" plaintiff "with dust and dirt" caused damage to the plaintiff's business and property. The lease provided: "the said Lessor doth hereby lease unto the said Murray's Gift Shop that portion of #43 Pleasant Street, Malden,

nearest to the corner of Dartmouth Street; the premises to be divided in accordance to the plan attached, and made part of this lease." The plaintiff asked that the defendants be restrained from using the passageway and from proceeding with the erection "of the wall blocking up said passageway." He also asked that damages be awarded.

The master found that the passageway, or "Corridor" as it is called on the plan, opens on an alley "coming in from Dartmouth Street"; that the plaintiff's "store fronts on Pleasant Street"; that the premises No. 43 Pleasant Street had previously been rented as one store; that the plaintiff told the defendants "that he could not hire more than one half of the store"; that the defendants "offered to rent to the" plaintiff "that part of the store nearest to Dartmouth Street" and stated if the other part of the store was leased "there would have to be a change in the partition walls as existing at that time." The master also found that prior to the execution of the lease nothing was said by the parties with reference to the "Corridor"; that there was no intention on the part of the defendants to include the "Corridor" "in the lease or [that] the use thereof be included as appurtenant to the store leased"; that the use of the "Corridor" by the plaintiff was not necessary to the beneficial enjoyment of the store and was without the knowledge of the defendants. In the Superior Court there was an interlocutory decree overruling the plaintiff's exceptions and confirming the master's report. A final decree was entered dismissing the bill; from this final decree the plaintiff appealed.

The decree dismissing the bill was right. The terms of the lease do not give the plaintiff a property right in the "Corridor." By the lease the plaintiff became the lessee of the store No. 43 Pleasant Street, Malden. The reference to the plan was to indicate the manner in which the premises were to be divided. As the use of the "Corridor" was not necessary to the enjoyment of the leased premises, the right to use it is not to be presumed unless such is clearly

the intention of the parties. The master found that the defendants had no such intention. *Regan* v. *Boston Gas Light Co.* 137 Mass. 37, 43. *Raynes* v. *Stevens*, 219 Mass. 556. *Prentiss* v. *Gloucester*, 236 Mass. 36, 52. *Leuci* v. *Sterman*, 244 Mass. 236, 238. *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350, 354.

The plaintiff contends he is entitled to damages caused to his merchandise by the repairs or alterations made in the adjoining premises. This work was performed by an independent contractor, and if any damage was done to the plaintiff's property it was not caused by the lessor's acts. Where the owner of a building uses proper care in the selection of an independent contractor to do work on the premises, the owner is not responsible for the acts of the contractor in the performance of the work unless its nature is such that a nuisance will be created or wrongful consequences result if not guarded against. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570, and cases cited. There was no negligence on the part of the defendants. The work to be done by the contractor was not unlawful, it did not create a nuisance, and the making of the alterations could be performed without harm to any one.

*Decree affirmed with costs.*