HAROLD ATLAS *vs.* SILSBURY-GAMBLE MOTORS COMPANY.

Essex.   October 6, 1932. — February 29, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Evidence,* Of identity, Presumptions and burden of proof.

At the trial of an action of tort against a corporation for personal injuries sustained at night when the plaintiff was struck by an automobile as he was walking across Commonwealth Avenue in Boston, determinative issues were, whether the automobile was owned by the defendant and whether it was operated by a person for whose negligence the defendant was legally responsible. There was evidence that the automobile was being driven in the direction of Newton; that it was of a make of automobiles owned by the defendant; that it bore Massachusetts number plates with the letters D and K; and that number plates assigned to the defendant bore those letters. A woman who, after the accident, was standing at the place of collision testified that fifteen or twenty minutes after the accident the operator of an automobile coming from the direction of Newton stopped and spoke to her, stayed a few seconds and then drove on in the direction of Boston; that the number plates of this automobile bore the letters and number, D58K; that she "could not identify the make of the automobile"; and that one of the headlights on that automobile was out. The defendant admitted that it was the owner of an automobile of the make and type of that which struck the plaintiff, upon which number plates including one bearing D58K were used, and there was further evidence warranting a finding that an automobile of that make and type owned by the defendant and bearing such a number plate was in use on the night of the accident and that a certain salesman of the defendant two days later brought back such an automobile with such number plates thereon and with a broken headlight. Such salesman denied all connection with the accident and that he used such number plates on an automobile of such make and type. There was no evidence of any broken glass at the place of the accident, or that a headlight then was broken, or of the course of the automobile after it struck the plaintiff, or of the purpose of the operator driving the automobile with number D58K in speaking to the plaintiff's witness, or of how many automobiles of the make and number of that which struck the plaintiff, and bearing number plates with the letters D and K, might

have been on the road at the place of the accident within fifteen or twenty minutes thereafter. *Held*, that the evidence left the identity of the automobile which struck the plaintiff and of its owner and operator matters of conjecture; and that a verdict for the defendant should have been ordered.

TORT for personal injuries. Writ dated May 10, 1928.

In the Superior Court, the action was tried before *Keating*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $2,478; and the judge reported the action for determination by this court upon the terms stated in the opinion.

*J. W. Sullivan,* (*J. F. Doyle* with him,) for the defendant.

*W. E. Sisk,* for the plaintiff.

FIELD, J. This action of tort was brought to recover compensation for personal injuries resulting to the plaintiff from being struck by an automobile when he was walking across Commonwealth Avenue, Boston. The answer was a general denial, contributory negligence of the plaintiff, and a denial that any automobile owned by the defendant, or operated by any person for whose conduct the defendant was legally responsible, was in collision with or injured the plaintiff as set out in the declaration. The defendant excepted to the admission of certain evidence, to the denial of its motion for a directed verdict, and to a ruling that St. 1928, c. 317, § 1, applied to the case. There was a verdict for the plaintiff. In accordance with an agreement of the parties the case was reported to this court on the terms that "if upon the evidence, including such evidence as was improperly excluded against the objection of either party, and excluding such evidence as was improperly admitted against the objection of either party," the trial judge "was correct in submitting the case to the jury, judgment is to be entered for the plaintiff in the sum found by the jury, otherwise judgment is to be entered for the defendant."

Evidence admitted without objection warranted a finding that on March 17, 1928, at about 10:45 P.M., the plaintiff while walking across Commonwealth Avenue, in the Brighton district of Boston, was struck and injured by an automobile which was being driven on the avenue in the

direction of Newton, that its operator was negligent, and that it went away without stopping.

The evidence, however, did not warrant a finding that this automobile was owned by the defendant or was operated by a person for whose negligence the defendant was legally responsible.

It could have been found that the automobile which struck the plaintiff was a Chrysler sedan and bore a Massachusetts number plate with the letters DK. The witness who gave evidence to this effect testified that when he saw the accident he was driving an automobile toward Boston with two young women, that the women got out of the automobile and that he took the plaintiff and a police officer to the hospital. It appeared that the women remained on the reservation until he returned. One of them testified that when they had been standing there fifteen or twenty minutes the operator of an automobile coming from the direction of Newton stopped and spoke to her, stayed a few seconds and then drove on in the direction of Boston. The number plates of this automobile bore the letters and number, D58K. The witness "could not identify the make of the automobile." One of the headlights was out. The defendant admitted that it "was the owner of a Chrysler Sedan upon which number plates including plate D58K were used, and there was evidence from which the jury could probably find that a Chrysler sedan auto owned by the defendant and bearing the number plates D58K was in use on the night of the accident." A witness for the plaintiff testified, subject to the defendant's exception, that the president of the defendant, since deceased, told him that a salesman named Hall used the plates D58K and on March 19, 1928, brought back the automobile with a broken headlight. There was no evidence of any broken glass at the place of the accident. The salesman Hall, a witness for the defendant, testified that number plates D58K were assigned to him, that he was not on Commonwealth Avenue or in any accident on March 17, but was in Danvers, Massachusetts, at the time of the accident, that he did not operate a Chrysler automobile on the night of the accident and his number plates

D58K were not on such an automobile, that he never returned a Chrysler automobile with a broken headlight, and that for some time before the accident he had used another kind of automobile in his work.

The facts, which might have been found by the jury, that the plaintiff was struck by a Chrysler sedan with a number plate bearing the letters DK, and that such a sedan bearing number plates with the number and letters D58K belonging to the defendant was in use on the night of the accident, would not warrant the inference that the defendant's automobile struck the plaintiff. It is not to be presumed that the defendant had the only number plates in Massachusetts with the letters DK or even that it had the only such number plates used on a Chrysler sedan operated in the vicinity of Boston. Nor does the evidence that the defendant's automobile had a broken headlight, in the absence of any evidence that a headlight was broken when the plaintiff was struck, coupled with this evidence as to number plates, identify the automobile owned by the defendant as the one which struck the plaintiff. In view of the many ways in which the headlight might have been broken, it could not have been inferred that there was a greater probability that it was broken by striking the plaintiff than that it was broken in some other way.

The testimony of the young woman standing on the reservation in regard to the automobile which stopped there after the accident brings the identification of the automobile which struck the plaintiff somewhat closer to the defendant's automobile. Her testimony to the number plates on the automobile which stopped at the reservation together with the admissions of the defendant warranted a finding that it belonged to the defendant and was a Chrysler sedan. Since it came from the direction in which the automobile which had struck the plaintiff had gone, it is possible that it was the same automobile. But this is not enough. *Falco's Case,* 260 Mass. 74, 77. It was necessary to show by direct evidence or by reasonable inference from established facts that there was a greater probability that the automobile which stopped at the reservation was the automobile which struck the plain-

tiff than that it was not that automobile. *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, 348. The course traversed by that automobile was not traced. There was no evidence that it was necessary for it to return to the place of the accident in order to continue on its natural course. Compare *Noonan* v. *P. M. Leavitt Co.* 238 Mass. 481. It could not be said on the evidence that it was more probable that the operator would drive back than that he would not do so. There was nothing in his conduct when he stopped and spoke to the young woman indicating that he had returned to a place where, a few minutes before, he had been involved in an accident. His purpose in speaking to her was not disclosed. The identification of the automobile which struck the plaintiff with the defendant's automobile depended wholly upon their likeness in respect to make, type and plates bearing the letters DK. There was no evidence of the number of Chrysler sedans bearing such plates which might have been on the road at the place of the accident within a period of fifteen or twenty minutes. The jury could not have concluded from the evidence and from facts of common knowledge that it was reasonably probable that, at that place and within that period, only one such automobile was on the road, and, therefore, that the defendant's automobile was the automobile which struck the plaintiff. The evidence leaves the case as to the identity of the automobile which injured the plaintiff in the realm of speculation.

The testimony of the defendant's witness, the salesman Hall, though in some respects contrary to material facts which could have been found by the jury and obviously were so found, was not in the nature of an admission of liability by the defendant. Of course the jury could have disbelieved it. But it was not the testimony of a party and there was no evidence from which it could have been inferred that the defendant suborned this witness to testify falsely or even put in the testimony knowing it to be false. The defendant did not admit its falsity, but admitted merely that there was evidence warranting a finding to the contrary. The case is distinguishable from *D'Arcangelo* v.

*Tartar*, 265 Mass. 350, 352.  See *Bennett* v. *Susser*, 191 Mass. 329, 331–332.

It properly is not contended that the defendant was legally responsible for the conduct of the operator of the automobile which struck the plaintiff if the defendant was not the owner of that automobile.  The conclusion reached by us on the question of ownership renders unnecessary the discussion of other questions argued.  Whether or not the evidence admitted subject to the defendant's exception was admitted rightly, a verdict for the plaintiff was not warranted.  It follows that in accordance with the terms of the report there must be

*Judgment for the defendant.*