Bolster, C. J.
The defendant maintained across its tracks, and wholly on its property, a covered foot bridge which the public customarily used as a “short-cut” from a public street parallel to the tracks and on the opposite side from its station to another street on the station.side of the tracks. A conductor from the roof of the bridge became broken, allowing water to accumulate and freeze at the foot of the steps leading to the bridge. The plaintiff, using the bridge as a convenient crossover, while on a shopping excursion, slipped on the ice and was injured. The trial judge *159 in effect ruled that the defendant owed her no higher duty than not wilfully, recklessly or wantonly to injure her. If the duty owed was that of ordinary care, which is all that the declaration alleges, it would appear that the defendant might have been found liable.
The question in this case is one which, has been rather extensively discussed in Professor Bohlen’s “Studies in the Law of Torts”, Chapter 3. So far as binding modern precedents in this state are concerned, we think they are against the plaintiff, and that they cannot be successfully distinguished. Redigan v. B. & M. R. R., 155 Mass. 44. Stevens v. Nichols, 155 Mass. 472. Moffatt v. Kenney, 174 Mass. 311 semble. Weldon v. Prescott, 187 Mass. 415. Bowler v. Pacific Mills, 200 Mass. 364. Hafey v. Turner’s Falls P. & El. Co., 240 Mass. 155. Lenci v. Sterman, 244 Mass. 236. Murphy v. B. & M. R. R., 248 Mass. 78. LaBelle v. Boston Elev. Ry., 265 Mass. 482.
In Sweeney v. Old Colony & Newport R. R., 10 Allen 368, relied on by the plaintiff, there was an affirmative invitation by the defendant’s flagman. The law has not yet wholly let go of its ancient distinction between misfeasance and non-feasance, cf. Bruso v. Eastern States Exposition, 269 Mass. 21. When the latter is relied upon, there must be a right to have action taken and the plaintiff had no such right. There was no “mutuality of interest” and if on the question of “invitation” or “inducement” any element of fact is involved, it must now be taken as found against the plaintiff.
If it can f airly be said that f armer conceptions as to the absolute right of an owner to determine its use at his uncontrolled will are giving way to more socialized rules, it can, we think, also be said that the trend of the law is all against letting people get something for nothing. Massaletti *160 v. Fitzroy, 228 Mass. 487. Plummer v. Dill, 156 Mass. 426. Thomas v. Lane, 221 Mass. 447. "While we think the use of legal formulae is something to be curtailed as far as possible, lest by the use of such terms as “invitee” it promote wrong mental pictures, a foregetting of the contents for the label, — as illustrated by the plaintiff’s argument here —we had supposed that there was a fairly well understood sub-division into “business” and “non-business invitees.” cf. Glaser v. Cong. Kehillath Israel, 263 Mass. 435, 438. Comeau v. Comeau, 285 Mass. 578.
Report dismissed.
Note: The majority opinion by Bolster, C. J. of the Appellate Division of the Municipal Court of the City of Boston in the case of Robert H. Holt, et al., Executors v. George A. Mann (ham infected with trichinosis) 1935 A. D. R. 285, has been affirmed by the Supreme Judicial Court, 1936 Adv. Sh. 669. In two recent similar cases in other jurisdictions, the Courts ’ opinions were in accord with the dissenting opinion of Adlow, J.
See: Feinstein, et al. v. Daniel Reeves, Inc., et al. (March 2,1936, U. S. D. C. S. N. Y., appearing in the New York Law Journal March 28, 1936) Dressler, et al. v. Merkel, Inc., et al., (Appellate Division, 2nd Department New York decided February 28,1936)