Riley, J.
The plaintiff seeks in this action of tort to recover compensation for’ damage to her person and to her *162 property caused by the negligence of the defendant. The alleged damage was sustained when she fell over a hose which was stretched across a public sidewalk. The answer of the defendant contained a general denial, an allegation of contributory negligence, and a plea of res judicata by reason of an action by the present plaintiff against the General Heat and Appliance Company wherein a finding was made for the defendant.
The trial judge received evidence on the plea of res judicata, consisting of the testimony of the attorney for the plaintiff and that of the attorney for the defendant in the action of Maude D. Towne v. General Heat and Appliance Company. Said plaintiff’s attorney testified that agency was not admitted by the General Heat and Appliance Company at the trial of said aotion; said defendant’s attorney testified that it was. Upon that evidence the trial judge made the following special finding:
“I find that an action was brought for the same cause of action in the Eoxbury Court against the principal of this defendant. I find that agency of this defendant was admitted in that case both in interrogatories, and by counsel. I find that in the previous action there was a finding for the defendant and that the matter is res judicata”, and then found for the defendant.
The plaintiff duly objected to the admissibility of the aforementioned testimony and claimed a report thereto; and at the proper time filed requests for rulings, four of which requests the trial judge denied, to the denial of which the plaintiff duly claimed a report. Both reports are now before this Division.
The plaintiff does not dispute that there was such an action as Maude D. Towne v. General Heat and Appliance Co., and that a judgment was entered therein for the defendant, in fact the report states that in substance both *163 actions were the-Sarde. Her objection to the' admissibility1 of-evidence and her requests for rulings are based upon her contention that the plea of res judicata can only be supported and sustained by the presence and introduction of the original records,- or certified copies thereof.' While the original records were not present in evidence,’ it is nevertheless true, that the judgment which was entered is conclusive as to the facts which were necessarily involved therein, and without the existence and proof or admission of which such judgment could not have been entered. Therefore, the testimony which the trial judge received although not establishing the issue of agency to have been the determining factor in the rendition of the judgment, is susceptible of 'being understood to mean that the attorney for the General Heat & Appliance Company, in open court, admitted that Harold Allgair was its agent and acting within the scope of his employment at the) time alleged. Giedrewicz v. Donovan, 277 Mass. 563.
Accordingly, it is quite clear that no violence has been done to the rule “that every fact which exists on record must be proved by record”. Parker Adm. v. Thompson, 3 Pick. 429 @ 434. That an alleged principal who is a party may, by admission, prove the existence of the relationship of agency, is well established, McKeever v. Ratcliffe, 218 Mass. 17, Ouimette v. Harris, 219 Mass. 466, and such an admission may be made by an attorney representing such party in open court. Mercier v. Union Street Ry. Co., 230 Mass. 397. When the record of a judgment does not disclose that issues were involved, or what the real subject matter was, or what facts were determined or admitted, and it becomes necessary to establish any such matter by judicial, proof, the same may be proved by parol evidence. Parker Admr. v. Thompson, 3 Pick. 429 @ 434, Eastman v. Cooper, 15 Pickering 276 *164 @ 387, Butterfield v. Caverly, 6 Cushing 275 @ 278. Where the evidence offered to prove a fact consists of conflicting oral testimony, as appears in this action, the credibility of the witnesses is a matter of fact to be determined by the trial judge. Lindenbaum v. New York, New Haven & Hartford Railroad, 197 Mass. 314, Cosman v. Donovan, 282 Mass. 224.
The appearance of technical error is not enough to warrant reversal. It must be such as to ha.ve “injuriously affected the substantial rights of the parties”. Gen. Laws (Ter. Ed.) Chap. 231, §132, Santarpio v. The New York Life Ins. Co., 1938 Mass. A. S. 1485, 1487-88.
Therefore, evidence as to an admission of agency having been properly admitted by the trial judge, and no prejudicial error appearing in the disposition of the plaintiff’s requests for rulings, the following entry is hereby directed :—
Report dismissed.