In an action of contract on an account annexed, the plaintiff seeks to recover a sum equivalent to one-half the amounts paid by her on principal and interest of a mortgage on a house and land located on Union Street, Duxbury, Massachusetts, and for payments on taxes and on account of a shingling contract on said property, which it is alleged is owned by the plaintiff and defendant as co-tenants. The said payments made, cover a period from August 6, 1948, to September 6, 1949. It is claimed by the plaintiff that by an oral agreement with the defendant, the defendant requested the plaintiff to pay, for her, her one-half share of the aforementioned items as they became due and the defendant promised and agreed to reimburse the plaintiff therefor.
*192 In answer to this claim, the defendant, beyond generally denying the allegations, pleaded the Statute of Frauds, contending that the oral agreement was one which was not to be performed within one year from the making thereof and was not in writing and signed by the defendant or by some person lawfully authorized by the defendant.
The evidence disclosed that the property in question had been purchased by the parties from the Marshfield Savings Bank, each acquiring an undivided one-half interest at a stipulated purchase price. At the time of purchase each paid equivalent amounts in cash, and gave a mortgage back to the bank, which stipulated the payment of interest at the rate of 4%% per annum, and quarterly payments of $25.00 to be made on account of principal. The same attorney acted for both parties. Prior to the purchase of the property the plaintiff and her sister, one Minnie M. Johnson, had agreed to buy the property from the bank as co-tenants on the same terms and conditions. The said Minnie M. Johnson being financially unable to pay her one-half of the cash down payment, the defendant, a daughter of the plaintiff, agreed to purchase the undivided one-half interest, and papers were executed and recorded on September 10, 1946 in the Plymouth County Registry of Deeds, running to the plaintiff and defendant.
It could he found that shortly after the property was acquired an examination revealed that the roof leaked and the premises could not be occupied in the condition that they were found. The plaintiff and defendant then and there agreed that the house had to be shingled and that the plaintiff’s husband should make arrangements, which he did, to have this work done and that the plaintiff and defendant agreed that each would pay one-half the cost. This agreement was made in the late fall of 1946. During 1946 and 1947 the house was not occupied by the parties. *193 The arrangements for shingling were concluded by an application to a credit corporation for a loan to cover the cost of the work, which application was dated August 5, 1947, and signed by the plaintiff and the defendant and the plaintiff’s husband. Subsequently on September 10, 1947, the aforementioned parties signed a joint and several promissory note payable to a roofing corporation, for the cost of the shingling job. At the time of the execution of the application of financing and the promissory note to the roofing corporation by the plaintiff and defendant, the defendant requested the plaintiff to pay for her, her one-half share of the amounts as called for to be paid on the shingling contract and promised to reimburse her therefor. The plaintiff agreed and did pay the defendant’s share as called for in the contract and note. Repeated requests for reimbursement brought the reply from the defendant that she “did not have the money.” When the payments became due on the mortgage and taxes, the plaintiff paid the entire amounts on the request of the defendant who promised and agreed to reimburse the plaintiff therefor. Covering a period from the date the property was acquired to August 6,1948, the plaintiff did receive from the defendant her portion of the installment payments made on the shingling contract and note, and on the installments of principal and interest due on the mortgage and for taxes.
At the close of the trial the defendant requested the trial judge to rule as follows:
(1) Upon all the evidence there must be a finding for the defendant. (2) Voluntary payments cannot be recovered in an action at law. (3) There is no consideration for the contract the plaintiff seeks to enforce. (4) A contract without consideration cannot be enforced. (5) An intermeddler by gratuitously paying the debt of another does not create a legal obligation between himself and that other. (6) If a plain *194 tiff furnishes property or renders services to the defendant with the expectation of being paid, and the defendant objects to it, a promise to pay therefor cannot be inferred. (7) Where the Statute of Frauds is pleaded, the burden of proving compliance with its terms rests upon the plaintiff. (8) Where the agreement is not capable of being performed within a year, the contract is within the Statute of Frauds.
Prior to finding for the plaintiff, the court allowed requests Nos. 2, 4, 5, 6, 7 and 8 and denied requests Nos. 1 and 3 and found the following facts:
“I find as a fact that on or about the 10th day of September, 1946, the defendant acquired by purchase an undivided one-half interest in a certain parcel of real estate with a building thereon situated in Duxbury, County of Plymouth, within the Commonwealth, and that said interest of the defendant was at the time of purchase, subject to a mortgage given to the Marshfield Savings Bank. I further find that several days after the recording of the deed by which the defendant acquired her interest in said property (Sept. 10, 1946) the defendant entered into an oral agreement with the plaintiff (the plaintiff and the defendant were mother and daughter) by the terms of which the plaintiff promised to make monthly payments on principal and interest as required by the terms of said mortgage, together with taxes on said property due the Town of Duxbury, and further to pay the entire cost of putting a new roof on the house which both parties agreed was necessary, and in consideration thereof the defendant promised to pay to the plaintiff one-half of all such payments made by the plaintiff in accordance with her promise. I further find that in accordance with said mutual promises the plaintiff paid to the Marshfield Savings Bank, the Town of Duxbury, and to a roofing contractor who installed a *195 new roof on said house, certain sums of money and that the defendant now owes said plaintiff the sum of $361.17 in accordance with the plaintiff’s declaration, as her share of said payments made by the plaintiff and I further find that the terms of the agreement between the plaintiff and the defendant as regards to the roofing was such that it could have been performed within one year from the making of the original contract between the plaintiff and the defendant. ’ ’
The defendant claimed to be aggrieved by the denial of requests Nos. 1 and 3 and from the further supplemental finding that the contract sued on was capable of being performed within one year from the making of the original contract.
Although there was defendant’s testimony, in effect, denying that the defendant had requested the plaintiff to pay the defendant’s share, or of a promise of reimbursement, and that the signing of the instruments in question were for the accommodation of the plaintiff only, the trial judge was not required to give credence to the same. The belief or disbelief of the witnesses was the province of the trial judge. Atlas v. Silsbury-Gamble Motors Co., 278 Mass. 279, 283, and the trial judge was not obliged to believe the testimony in whole or in part even though undisputed. Lindenbaum v. N. Y. N. H. & H. RR., 197 Mass. 314, 323; Cosman v. Donovan, 282 Mass. 224, 228; Lydon v. Boston Elevated Ry. Co., 309 Mass. 205, 206; Perry v. Hanover, 314 Mass. 167, 170.
The grievance as to the denial of request No. 3 is without foundation as there is ample evidence of a consideration. The giving up of the plaintiff’s money by payments to protect the interest of the defendant from being foreclosed, either under the mortgage or by taxation, and the added protection of the interest in the house from depre *196 ciation and damage through the medium of securing and paying for the shingling contract was sufficient to have warranted the trial judge in concluding that consideration was established by the beneficial enurement to the defendant.
Bequest No. 1 is one based “upon all the evidence” without sufficient specifications upon which the trial judge might base such a ruling, if made, and is contrary to rule No. 28 of the Municipal Court of the City of Boston. Holton v. American Pastry Products Corp., 274 Mass. 268, 270; Wainwright v. Jackson, 291 Mass. 100, 101; Garrett v. McDonough Co., 297 Mass. 58, 60.
Even assuming that the defendant is correct in her contention that the contract is incapable of being performed within one year and within the Statute of Frauds, yet, there being no question of law properly raised under request No. 1, there is nothing for this court to review. Reid v. Doherty, 273 Mass. 388, 389; Baker v. Davis, 299 Mass. 345, 348.
If material, however, the question of the application of the Statute of Frauds referred to in the supplemental findings of the trial judge was properly decided. The promises to reimburse could well have been performed within one year. If there was a possibility of such performance, even though remote, the statute was inapplicable. The words “cannot be performed” must be taken literally. The test is whether or not the agreement “may” be performed within that period of time. American Law Institute Restatement of Law of Contracts, Mass. Annotations, § 198 p Rowland v. Hackel, 243 Mass. 160, 162; Bolton v. Van Heusen, 249 Mass. 503, 506.
The trial judge properly concluded that the defendant as a co-tenant could recover from the plaintiff the proportionate share of money expended in paying interest or *197 principal of the mortgage, or taxes, constituting an encumbrance upon the common property. Howland v. Stowe, 290 Mass. 142, 147. By the same token, the trial judge properly ruled relative to the reimbursement for payments made on the roofing repairs. We find no error in these conclusions. Ordered Beport dismissed.