TOMASELLO, J.
In an action of contract the plaintiff sought recovery in .three counts in substance: (1) $1500 plus interest on a promissory note of the defendant, dated October 26, 1949, secured by a third mortgage of real estate owned by the defendant at 265 Clarendon Street, Boston; (2) $115.34 due him on an accounting with the defendant for rents and expenses (including legal services of $450 rendered to the defendant) of the operation of said real estate by the plaintiff from May 9, 1950, to September 20, 1950, under an entry into possession by the plaintiff for breach of condition of his mortgage; and (3) with interest, under an assignment to the plaintiff by one Sadie McKay of a claim for money loaned by her to the defendant.
The defendant’s answer was a general denial and further alleged that the plaintiff as attorney at law was consulted by her in July, 1949, with reference to refinancing the first and second mortgages on said property with balances outstanding of $7385.91 and *[75] $1800, respectively, having been originally written on July 15, 1946, for $8500 and $4070, respectively; that she paid the plaintiff $405 between August 22, 1949, and October 25, 1949, which was to be paid by the defendant to the holder of the first mortgage to reinstate arrears thereon and to terminate proceedings for authority to foreclose then pending; that the plaintiff was unable to procure refinancing of said mortgage but took from the defendant the said note of $1500 in consideration of the advance to the holders thereof of sums necessary to reinstate said first and second mortgages; that the total paid the first mortgagee by plaintiff was $914.41 on October 31, 1949, inclusive of the sums paid plaintiff by defendant prior to October 26, 1949, and the total paid the second mortgagee was $95 on January 23, 1950; that between October 26, 1949, and March 6, 1950, the defendant paid the plaintiff additional sums of $359.59 of which plaintiff paid the first mortgagee $237.59 up to December 16, 1949, and nothing thereafter to the date of the writ herein; that on May 9, 1950, the plaintiff entered into possession of the defendant’s premises and placed one Orville Booth in full control and dominion of the premises including the lodging house business conducted there by the defendant under a license issued to her until September 20, 1950, when said Booth was discharged by the plaintiff after his arrest on complaint by police for a statutory offense committed by Booth with one Dorothy Brown on the premises, and the defendant resumed Control and management of the real estate and lodging house business as sub-agent of the second mortgagee; that the plaintiff is not entitled to recover on Count 1 beyond $387.41, the net amount advanced by him to the holders of the first and second mortgages; that the plaintiff is not entitled to be paid for legal services rendered for protection of his creditor-mortgagee relationship to the defendant; that plaintiff is not entitled to recover on Count 2 for the payment made to said Booth for services or to the plaintiff for services alleged to be rendered to the defendant as attorney; that the plaintiff has prevented defendant by her reliance upon him as attorney from dealing with the prior mortgagees to be defaulted and foreclosed by failing to pay said mortgagees from the results and income received by him during his possession of the premises; that the plain *[76] tiff is not entitled to recover on Count 3 for lack of notice of and consideration for the alleged assignment.
The trial judge found for the plaintiff on all three counts and ruled upon certain requests for rulings by which defendant claimed to be aggrieved, as follows:
9. That, as matter of law, the acts of the plaintiff or his agent in seizing control against the will of the defendant and exercising dominion over the lodging house business conducted by the defendant in the premises prior to May 9, 1950, under a valid license issued to her was unauthorized and constituted a conversion of the personal property of the defendan.
Denied, because I do not find all the facts assumed. I find there was no seizing control against the will of defendant, and that what was done was with the defendant’s consent.
10. That, as matter of law, the acts of the plaintiff or his agent in permitting improper persons to occupy portions of the premises at 265 Clarendon Street rent-free was contrary to the careful and prudent management required of a mortgagee in possession to the defendant owner of the equity of redemption.
Denied, because I do not find all the facts assumed. I do not find that “improper persons” were permitted to ocupy “rent-free.”
11. That, as matter of law, the acts of the plaintiff, or his agent in permitting a violation of G. L. c. 272, § 14, to take place on September 20, 1950, in the premises at 265 Clarendon Street, Boston, during the plaintiff’s control and management under entry under his mortgage was contrary to the careful and prudent management required of a mortgagee in possession to the defendant as owner of the equity of redemption.
Denied, because I do not find all the facts assumed. I find the plaintiff carried on as mortgagee in possession in a careful and prudent manner and did not permit anyone to carry on in violation of law.
13. That, as matter of law, where the plaintiff while in possession of the defendant’s premises under *[77] an entry of possession a mortgage dated October 26, 1949, failed to pay fixed charges due to the holders of mortgages senior to and prior in date to the plaintiff’s mortgage between the date of May 9, 1950, and September 21,1950, from total rents of approximately $937.52, collected by him or his agent during said period but retains for himself or his agent approximately $562.50 of said rents so that said senior and prior mortgagees in date institute foreclosure proceedings he has not acted with due regard to the rights of the defendant owner of the equity of redemptoin.
Denied, because I do not find all the facts assumed. I find plaintiff did all that the law required him to do and did not misappropriate any money or rents that came into his possession at any time.
14. That, as matter of law, upon all the evidence the plaintiff as an attorney at law is not entitled to recover for time, services or advice rendered to the defendant where plaintiff’s relationship to the defendant at all times to the date of the writ was not solely in his professional capacity as legal advisor but was on the contrary a mixture of lawyer and creditor.
Denied, I find that he is entitled to recover for legal services and advice honestly and properly rendered apart from those rendered in his relationship as mortgagee. The finding for professional services is. for services rendered “solely in his professional capacity.”
Although there was testimony of witnesses that might substantiate the averments in the defendant’s answer, there was testimony which taken most favorable to the finding made for the plaintiff warranted the trial judge in concluding that the plaintiff’s allegations were confirmed.
There was evidence that the defendant voluntarily engaged the plaintiff, an attorney at law, to remedy difficulties which she had under certain mortgages on the premises in question, after unsuccessful attempts made by her to refinance these mortgages. That the plaintiff consulted with the mortgagee’s attorney and secured postponements of foreclosure sales. That the plaintiff advanced personal funds in order to bring about these postponements. Through *[78] out these negotiations the plaintiff constantly advised the defendant and employed every available effort to protect the interests of the defendant. After consultation it was agreed that the plaintiff should advance monies to be secured by a mortgage in order to stay foreclosure of the mortgages, and he assisted the defendant in placing one Booth in the management of the premises to insure a more businesslike operation of the details of the rooming house in question. That in the management under Booth the income of the premises increased. During this period of readjustment the plaintiff advanced sums and paid bills which were currently becoming due. Subsequently, the plaintiff learned, after it was all over, that said Booth had been arrested for a statutory offense and his case had been placed on file by the court. That the arrest had been caused by the defendant because of her dislike for said Booth. Finally it was necessary for the plaintiff to buy in the property at foreclosure proceedings held by the bank, first mortgagee, due to the failure of the defendant to pay items due the bank.- That the defendant thereafter failed to cooperate with the plaintiff in his attempts to restore the property to her. A charge of $450 was made for legal services outside of the mortgage charges. This included many conferences with the defendant in connection with matters outside of the mortgage indebtedness to the plaintiff. At the time the plaintiff took his mortgage he had no other alternative, having advanced certain sums still unpaid. By the postponement of foreclosure of the prior mortgages the defendant remained in possession of the premises after said Booth withdrew, and retained the beneficial interest of the premises. The balance of $140 sought under the declaration was a separate item and resulted from an assignment to the plaintiff of that amount, and was unconnected with the mortgage indebtedness.
Although the defendant’s requests are for rulings “as matter of law,” yet they are basically requests for rulings posited upon the interpretation of facts. As the evidence was conflicting it was proper upon the ample proof for the trial judge to have denied such requests. Clarke v. Title Insurance Co., 214 Mass. 31; Dillon v. Town of Framingham, 288 Mass. 511; Pearson v. O’Connell, 291 Mass. 527; Bresnick v. Heath, 292 Mass. 293, 298, especially as they were *[79] based upon assumed facts not found. Buttrick v. Tilton, 155 Mass. 461, 465; Schlatter v. Young, 197 Mass. 36, 39. The belief or disbelief of the witnesses was the province of the trial judge, Atlas v. Silsbury-Gamble Motors Co., 278 Mass. 279, and he was not obliged to believe the testimony in whole or in part even if undisputed. Lindenbaum v. N. Y. N. H. & H. R. R., 197 Mass. 314, 323; Cosman v. Donovan, 282 Mass. 224, 228; Lydon v. Boston Elevated Ry. Co., 309 Mass. 205, 206; Perry v. Hanover, 314 Mass. 167, 170.
Avery, Dooley, Post & Carroll, attys. for plff.
Sullivan & Sullivan, attys. for deft.
Upon the evidence it was proper for the trial judge to conclude as he did relative to the reimbursement for payments and advances made by the plaintiff. There were facts upon which the relationship of attorney and client could be established; that the plaintiff as the defendant’s attorney had acted properly in her interests and not in conflict with his relationship with her as mortgagor and mortgagee. We find no error of law. Ordered: Report dismissed.