JAMES GARDNER *vs.* COPLEY-PLAZA OPERATING COMPANY.

Middlesex.    November 20, 1914. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* In building in process of construction, In operating elevator, Licensee. *Elevator. Agency. Practice, Civil,* Exceptions, Rulings and instructions.

In an action against the lessee of a hotel for injuries sustained by an employee of a subcontractor, when the defendant had taken at least partial possession of the hotel under his lease and was getting it ready to open to the public and the general contractor was putting on the finishing touches, from an elevator operated negligently by one of the defendant's elevator boys descending on the plaintiff as he was working in the elevator well underneath it, where there is evidence that the general contractor had requested that the defendant's elevator boys might be at the building on the day that the accident happened for the use of the contractor and subcontractor in putting the finishing touches on the building, and where there also is evidence that the elevator that crushed the plaintiff was being operated at the time to carry employees of the defendant for the purpose of performing their work as such employees, the question whether the negligent elevator boy at the time of the accident was in the employ of the defendant is for the jury.

The refusal of the presiding judge at the trial of an action of tort for personal injuries to make a ruling which is not applicable to the evidence affords no ground for exception, even when the ruling thus requested is correct as an abstract proposition of law. In the present case the abstract soundness of the ruling thus requested and properly refused was open to grave doubt.

Where the general contractor for the construction of a hotel and one of the subcontractors are putting on the finishing touches and the lessee of the hotel is at least in partial possession of it, being engaged in installing its furniture and supplies and getting it ready to open to the public, an employee of the subcontractor, who is working in the well of one of the elevators of the hotel engaged in making the hotel suitable for occupancy, is not a mere licensee of the lessee of the hotel but is rightfully at his post and the lessee owes him the duty not to injure him negligently.

Such employee of the subcontractor does not assume as matter of law the risk of being crushed by reason of the negligence of an elevator boy of the lessee who is operating an elevator above the part of the elevator well where such employee of the subcontractor is working.

TORT for personal injuries sustained by the plaintiff at about eleven o'clock in the morning of Sunday, July 28, 1912, when the plaintiff was in the employ of the Winslow Brothers Company, a corporation, which was a subcontractor under a contract with the George A. Fuller Company, a corporation, which was the

general contractor for the construction of the Copley-Plaza Hotel under a contract with the trustees of the Copley Square Trust, against the Copley-Plaza Operating Company, a corporation, which was the lessee of the hotel, the declaration alleging that the plaintiff's injuries were caused by his being struck by an elevator negligently operated by a servant of the defendant when the plaintiff was at work in the elevator well numbered six, at the time when the finishing touches were being put on the hotel by the general contractor to make it ready for its public opening and the reception of guests.   Writ dated March 22, 1913.

In the Superior Court the case was tried before *Stevens,* J. It was not questioned that the work that was being done on Sunday when the plaintiff was injured was necessary and was authorized by a permit issued under St. 1909, c. 420, § 1.   On the morning in question the plaintiff was regulating various elevator doors in the different elevator wells and upon different floors, which did not run properly for various reasons.   The work of regulating the elevator doors was included in the contract of his employer, Winslow Brothers Company, with the George A. Fuller Company.   It appeared that the door of elevator six on the fourth floor bound against a toggle-bolt which projected inside of the iron grill work dividing the shaft from the corridor.   While the plaintiff was engaged in remedying this defect, car six came down from above, struck the plaintiff and knocked him to the bottom of the shaft, causing the injuries complained of.   It was admitted that the defendant operated and controlled all the elevators in the building, and had general control of the elevator boys, all of whom were in the general employ of the defendant. It also was admitted that there was evidence for the jury of the plaintiff's due care and no question was made but that there was evidence for the jury of negligence on the part of the elevator boy, one Hyatt.   Other evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1.  On all the evidence the plaintiff is not entitled to recover."

"3.  On all the evidence the plaintiff assumed the risk of such an accident as happened.

"4.  If the jury believe that the hotel was at the time still

being constructed by the general contractor, and that the defendant company was allowed in it merely by sufferance and under no claim of right of possession upon its own part, then the jury must find that the plaintiff was a mere licensee in so far as the defendant was concerned, and that the defendant would not be liable for any injury caused to the plaintiff by the mere negligence of its agents or servants."

The judge refused to make any of these rulings and submitted the case to the jury. In the course of the judge's charge the plaintiff's counsel called the judge's attention to the plaintiff's contention that there was evidence that one Russell, the defendant's head bell-man, was told that the plaintiff was working under elevator number six and that Hyatt understood that the plaintiff was there. The judge then instructed the jury as follows: "I don't remember just what the testimony was, — but that Russell was head bell-man, that he had charge of the elevator boys, and that it was his duty to give notice to the elevator boys when the workmen were employed in the well, so that they should not be subjected to danger. If you find that is the evidence, and you find that Russell was negligent, and that the defendant was responsible, you might consider the negligence of Russell, if there was negligence." The defendant excepted to this portion of the charge.

The jury returned a verdict for the plaintiff in the sum of $6,460; and the defendant alleged exceptions.

*E. K. Arnold,* for the defendant.

*F. J. Carney,* for the plaintiff.

RUGG, C. J. The plaintiff while in the exercise of due care was injured through the negligence of an elevator boy named Hyatt in the employ of the defendant. The verdict of the jury has settled these points and it is not contended that they are unsupported by the evidence.

1. The first contention of the defendant is that at the time of the accident Hyatt, although in its employ, was temporarily the servant of others. This is predicated on evidence that one Barney, representing the general contractor for the construction of the building, had requested that the elevator boys be at the building upon the day of the accident for the use of the contractor and subcontractors in putting the finishing

touches on the building. But the building was under lease to the defendant. It had been at least in partial possession for some time, installing its furniture and supplies and getting ready to open the hotel to the public. At least one of the three elevators in the shaft where the plaintiff was injured was operated for the benefit of passengers, and the journey which caused the injury to the plaintiff was for the purpose of carrying employees of the defendant for the performance of their duties as such. The instructions, based upon *Coughlan* v. *Cambridge,* 166 Mass. 268, 277, correctly left the decision of this matter to the jury.

2. The request of the defendant that as to it the plaintiff was a licensee, provided the jury believed that the hotel was at the time still being constructed by the general contractor and that the defendant was allowed in it by sufferance and under no claim of right, was denied rightly. Its abstract soundness is open to grave doubt. But it was not applicable to any phase of the evidence. The building was at the time leased to the defendant, which was in actual occupation in the preparation for inviting the patronage of the public. There is nothing in the exceptions to indicate that the trial proceeded on the theory that the possession of the defendant was any other than under its lease and under a claim of right. It would have tended only to confusion to have given any instructions touching a subject not open on the evidence.

3. If it be assumed that the point, whether the plaintiff was a licensee of the defendant in the use of the elevator well at the time of his injury, was raised fairly, there was no error in its treatment by the trial judge. The plaintiff was at the place of the accident in the performance of a duty required by the contract of his employer with the general contractor. In this respect the building was not quite completed. In the absence of further evidence, it is plain that he was at his post rightfully and not by sufferance of the defendant. He was engaged in making the hotel suitable for occupancy.

4. There was no error in submitting to the jury the question of the negligence of Russell, the head bell-man for the defendant. The judge did not undertake to state the evidence with accuracy in this regard, but simply referred to it in a general way as being sufficient to support a finding of negligence provided it should

be found to show that Russell had charge of the elevator boys and that it was his duty to warn them when workmen were employed in the wells, so that they might not be subjected to danger. There was evidence to this effect.

5. It could not have been ruled as matter of law that the plaintiff assumed the risk of Hyatt's negligence. That was a question of fact to be decided upon all the evidence. *Frost* v. *McCarthy*, 200 Mass. 445, 448. They were not fellow servants. *Hasty* v. *Sears*, 157 Mass. 123, relied on by the defendant, plainly is distinguishable.

6. The general request that a verdict be directed for the defendant ought not to have been granted. In all its material aspects, the inferences to be drawn from evidence in some respects conflicting presented questions of fact to be submitted to the consideration of the jury.

*Exceptions overruled.*