MARY STATKUNAS *vs.* L. PROMBOIM & SON INC.

Middlesex.   December 4, 1930. — February 24, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Exceptions, Discontinuance. *Negligence,* Of one owning or controlling real estate. *Actionable Tort. Corporation,* Officers and agents.

No exception lies, at the trial of an action of tort against three defendants, to a refusal by the trial judge to order verdicts in favor of two of the defendants after the plaintiff has discontinued the action against them.

One rightfully upon the premises occupied by another for purposes in which the occupant has no beneficial interest takes the premises as he finds them, and the occupant is under no duty to him with reference to their condition beyond a duty not wantonly and wilfully to inflict injury upon him; but one rightfully on the premises occupied by another for purposes in which the occupant has a beneficial interest has a right to claim as a duty owed to him that reasonable care shall be used to furnish premises in a safe condition to admit the carrying out of the common purpose. Per WAIT, J.

Two men owned a tenement building and a factory building in its rear and put up a clothesline for a woman who was a tenant in the tenement building running to a pulley on the factory building and agreed to "look after it all the time." From time to time as clothes caught on the line or as it needed fixing, the tenant went to the factory building to report and thereupon some one attended to it. She never fixed it herself. She hired her tenement and always paid her rent at the office in the factory building. Later the two men formed a corporation, of which one of them was general manager and all the stock of which was owned by them and members of their families, and to which they leased the factory building. On an occasion thereafter when the clothesline became entangled, the tenant went to the factory, found the general manager in the office and asked him to clear the line. Having called

for an employee and getting no response, he told her to "go ahead and untangle it"; and, opening a door, showed the way upstairs, telling her that the staircase near the opened door was blocked by goods, but to "go further down and you will find another set of stairs, go right ahead." Doing so, the passageway being darkened, she fell in the passage, through an elevator hole not enclosed by a gate as required by statute, and received personal injuries for which she brought an action of tort against the corporation. *Held,* that

(1) The evidence warranting a finding that the corporation knew of the plaintiff's practice of coming to the factory to pay her rent and to get the clothesline fixed and permitted her to do so, a further finding that her entry into the factory was lawful was justified without it being inferred that she was invited;

(2) On the evidence, a finding was warranted that the corporation had taken its lease from its lessors subject to such lessors' obligation to keep the clothesline in order, and therefore had an interest in its being so kept;

(3) It was not material that there did not appear to be a consideration moving from the plaintiff to the corporation for the assumption of such obligation by the corporation;

(4) In coming upon the defendant's premises to request performance of such duty, the plaintiff could be found to be acting rightfully in connection with a matter in which both she and the corporation had an interest; and the defendant owed her a duty to furnish safe access into the factory;

(5) A finding was warranted that the general manager of the defendant had authority to allow the use of its premises by the plaintiff as he directed;

(6) In undertaking to show the plaintiff a way by which she herself could go to fix the clothesline, the defendant through its general manager assumed a further obligation not to send her without warning into a danger of which she was ignorant, but of which it knew or ought to have known;

(7) For failing to warn the plaintiff of the danger of the injury which she suffered, the defendant could be found liable.

TORT. Writ dated November 5, 1927.

Proceedings and evidence at the trial in the Superior Court before *Weed,* J., are stated in the opinion. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*J. H. Gilbride,* for the defendant.

*E. M. Shanley,* (*S. W. Wisnioski* with him,) for the plaintiff.

WAIT, J. The plaintiff was injured by falling into an unguarded elevator well in a building, which was owned by Jacob and Louis Promboim, and was leased by them to

a corporation, L. Promboim & Son Inc. The plaintiff was a tenant in a neighboring building, also owned by Jacob and Louis Promboim. She brought suit in tort making the corporation and the individuals Jacob and Louis Promboim defendants; and alleging that the defendants as owners of the building in which she was a tenant and as owners or lessees of a factory building in the rear maintained a clothesline from the first to the second building; that she received permission from the defendants to enter, and entered the factory building for the purpose of untangling the clothesline, and " as a result of the negligent, careless and reckless care, management and conduct by the defendants of the factory building she sustained severe injuries " in her person.

From the conflicting evidence at the trial a jury might find the following as facts: Prior to 1920 Jacob and Louis Promboim owned both buildings in question, and leased a tenement in one to the plaintiff, Jacob Promboim putting up, at that time, a clothesline from the premises so leased to a pulley borne upon the factory building, and agreeing that he would fix it and " look after it all the time." Jacob and Louis Promboim were then carrying on a junk and shoddy business in the factory building. From time to time as clothes caught on the line or as it needed fixing, the plaintiff went to the factory building to report and thereupon some one attended to it. She never fixed it herself. She hired her tenement and always paid her rent at the office in the factory building.

In 1920 the corporation was formed — Louis and Jacob Promboim with members of their families owned all the stock. They were officers and Jacob Promboim was the general manager. Jacob and Louis leased the factory building to the corporation which took over and carried on the business formerly conducted there by Louis and Jacob, confining itself to the manufacture of shoddy. On the day of the accident in November, 1924, the clothesline became tangled and the plaintiff went to the factory building. She found Jacob Promboim in the office. She asked him to clear the line. He called for an employee, but none

came. He, thereupon, told her to "go ahead and untangle it"; and, opening a door, showed the way upstairs, telling her that the staircase near the opened door was blocked by goods, but to "go further down and you will find another set of stairs, go right ahead." Light through the opened door showed a passage through bales of goods. He closed the door, darkening the way indicated. She went on, and fell into an elevator hole in the passage. The gate required by law was not in place. It had been broken or destroyed for months. Jacob, summoned by her outcries, helped to remove her to a hospital. He gave her no warning of the hole. The corporation was then occupying under a written lease dated April 8, 1924, from Louis and Jacob Promboim as lessors. The writ bore date November 5, 1927. Jacob Promboim testified that "the corporation is now out of existence and the papers are all filed away since 1926."

At the close of the testimony the defendants moved that the plaintiff elect against which of the defendants she would proceed. She, thereupon, discontinued as to Louis and Jacob Promboim. The defendants moved for directed verdicts in favor of each of them, and excepted to the denial of the motions. Requests for rulings were filed by the corporation, and exceptions were claimed to the alleged refusal to give the first, second and sixth requests. It excepted also to part of the charge. The jury found for the plaintiff.

Obviously there is nothing in the exceptions to the refusal to direct verdicts for Jacob and Louis Promboim. After the discontinuance there was no action pending against them in which a verdict affecting them could be entered. *Gray* v. *Cook,* 135 Mass. 189. *Taft* v. *Church,* 164 Mass. 504.

The essential question presented is whether upon the evidence the corporate defendant could be found liable. We take the law to be settled that one rightfully upon the premises of another for purposes in which the owner or occupant has no beneficial interest takes the premises as he finds them, and has no claim to any duty of the

possessor to him with reference to their condition beyond a duty not wantonly and wilfully to inflict injury upon him. One rightfully on the premises of another for purposes in which the possessor has a beneficial interest has a right to claim as a duty owed to him that reasonable care shall be used to furnish premises in a safe condition to admit the carrying out of the common purpose. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, 377. *Gordon* v. *Cummings,* 152 Mass. 513. *Plummer* v. *Dill,* 156 Mass. 426. *Hart* v. *Cole,* 156 Mass. 475. *Wright* v. *Perry,* 188 Mass. 268, 270. *Norris* v. *Hugh Nawn Contracting Co.* 206 Mass. 58, 61. *Scanlon* v. *United Cigar Stores Co.* 228 Mass. 481. *Wojcik* v. *Cadillac Berkshire Co.* 256 Mass. 317, 319, 320. *Glaser* v. *Congregation Kehillath Israel,* 263 Mass. 435. *Bruso* v. *Eastern States Exposition,* 269 Mass. 21.

The plaintiff was rightfully upon the premises, if there by the permission or the invitation of the defendant. *Romana* v. *Boston Elevated Railway,* 218 Mass. 76; *S. C.* 226 Mass. 532. The long continued practice of going upon them for the payment of rent and to request action in regard to the clothesline affixed to its building will support findings that the corporation knew of her coming and permitted it. If so, an invitation was not essential to a lawful entry. We do not pause to consider whether in this connection an invitation to enter can be inferred.

The defendant contends that the plaintiff had no purpose in which it had an interest, and stands, therefore, as one to whom it owed no duty other than to refrain from wanton and wilful injury. There is no claim of wanton and wilful conduct. The jury, however, could infer that the defendant had an interest in maintaining the clothes-line. Jacob and Louis Promboim, while occupants of the factory building, held it subject to a duty with reference to the line. Their duty did not cease when they leased to the corporation. They owned in large part, and they managed, the corporation. It could be found to have known, when it took the premises, of the obligation of the possessors with reference to the line, a duty which could be

performed only by the occupant. From this, taken in connection with the conduct of the corporation in permitting its employees to fix the line from time to time throughout a period of years, the jury might infer an agreement on its part to assume the obligation of her lessors toward the plaintiff — that is, to take its lease subject to their common lessors' obligation. *Rice* v. *Rosenberg,* 266 Mass. 520, 523. *Washington & Devonshire Realty Co. Inc.* v. *Freedman,* 263 Mass. 554. If they so found, a duty toward the plaintiff would be made out. It is not material that the obligation may have been one which the plaintiff could not enforce by action at law. We assume that the corporation would not be liable in contract to the plaintiff in the absence of consideration moving to it from the plaintiff. No such consideration appears. But a relation with the plaintiff could be found to exist, which is sufficient to establish a situation in which she would stand as one with whom it had a common interest. In coming upon the defendant's premises to request performance of this duty, the plaintiff could, then, be found to be acting rightfully in connection with a matter in which both she and the corporation had an interest. The corporation, under the law as already stated, would owe a duty to furnish safe access. This duty it had performed. No harm attended her entry of its office.

The injury to her resulted from a subsequent transaction. It could be found that after it knew that she was upon its premises, after it had failed to furnish an employee to clear the line, it undertook to show her a way in which she could go to fix it herself. In these circumstances a new obligation might arise — a duty not to send her without warning into a danger of which she was ignorant, but of which it knew or ought to have known. *Moffatt* v. *Kenny,* 174 Mass. 311, 315, and cases there cited. Compare *Leuci* v. *Sterman,* 244 Mass. 236.

The defendant contends that the knowledge of her presence, and of the absence of an employee to do the work, and the permission or request to attend to the line herself and the pointing out of the dangerous way, were the

knowledge and acts of Jacob Promboim, which do not bind the corporation. The trial judge was right in refusing so to rule as matter of law. We think it was an issue of fact, in the state of the evidence, whether Jacob Promboim, its general manager, had authority to allow the use of its premises by the plaintiff; and that the jury were justified in finding that he had.. *Nims* v. *Mount Hermon Boys' School*, 160 Mass. 177, 182. The use could be found to be connected with the performance of a duty of the corporation which the general manager, in the usual course of his employment for the corporation, was authorized to attend to. There could be no doubt of possible liability had the plaintiff been a stranger visiting the building for the first time on a matter in which she and the corporation were interested. *Marston* v. *Reynolds,* 211 Mass. 590. *Corrigan* v. *Union Sugar Refinery,* 98 Mass. 577. *Walsh* v. *Adams,* 245 Mass. 1. *Serota* v. *Salmansohn,* 256 Mass. 224. Her due care was for the jury.

It follows that the verdict asked could not properly have been directed. Nor was the judge wrong in refusing to instruct the jury that the plaintiff at best was a licensee on the premises; that Jacob Promboim had no implied authority to invite her upon the premises; and that the disposition of the premises and the relation of the parties imposed no duty or liability beyond what the defendant would owe to every person not a trespasser who might enter. The charge covered the rules of law necessary for the guidance of the jury. We find no prejudicial error in it.

*Exceptions overruled.*