AMBROSIA SILVA *vs.* HENRY & CLOSE CO.

Suffolk. May 10, 1932. — May 20, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, FIELD, & DONAHUE, JJ.

*Negligence,* Invited person.

Evidence, at the trial of an action against one of the tenants of a pier for personal injuries suffered when the plaintiff was thrown off the pier through negligence of an employee of the defendant, that the plaintiff for ten years before the accident had worked at the pier as a lumper, succeeding on some days in getting work and failing on others; that there was no system of passes for workmen to go on the pier; that the loading or unloading of vessels was handled by their respective crews and those whom they hired on the pier; that this had been the practice since the pier had been built; that the hired men

were called lumpers; and that neither the plaintiff nor any other lumper ever had applied for permission to use the pier, warranted a finding that the owner of the pier, the defendant's landlord, impliedly invited laborers seeking employment as lumpers to go upon it, although the owner had posted notices stating that the pier was not a "public pier," that admission to it was only by revocable permission of the owner and subject to his rules and regulations, restrictions and conditions, and that the pier was private property and trespassing was forbidden.

In the circumstances above described, the defendant as tenant of the owner might have been found to be under the duty to treat those permitted by his landlord to be upon the premises as being there rightfully and not as mere licensees, and therefore to be liable for injury to the plaintiff through negligence of his employee.

TORT for personal injuries. Writ dated September 27, 1928.

In the Superior Court, the action was tried before *Donnelly*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $933.33. The defendant alleged exceptions.

*W. E. Cunningham*, for the defendant.

*W. L. Baxter*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been received by the plaintiff through the negligence of a servant of the defendant. The plaintiff testified that for about ten years prior to the accident he had worked at the Boston Fish Pier as a lumper, loading and unloading vessels and doing any kind of work he could get; that he succeeded in obtaining work on some days and failed on others; that on the day of his accident he worked several hours in the morning; that in the early afternoon he was standing on the edge of the pier, overlooking a recently docked vessel and seeking work, when he was struck by a push cart in the control of an employee of the defendant, thrown off the pier and injured. An officer of the Boston Fish Market Corporation testified that that corporation controlled the Boston Fish Pier and that the defendant was one of its tenants engaged in the wholesale fish business; that there were three signs in

front of the pier at the entrance which read, "Notice. This is not a public pier. Admission is by revokable permission of the Boston Fish Market Corporation only, and subject to such rules and regulations, restrictions and conditions imposed by it. Per Order of the Board of Directors of the Boston Fish Market Corporation"; that there were also three other signs at the entrance to the pier, which read respectively as follows: "Private property. No trespassing on this pier. Police take notice." He also testified that the plaintiff never applied to use the pier; that there was no system of passes for workmen to go on the pier; that the loading or unloading of vessels is handled by their respective crews and those they hire on the pier; that this had been the practice since the pier had been built; that these hired men are called lumpers; and that no lumper ever applied for permission to use the pier.

The business of the Boston Fish Market Corporation in controlling the Boston Fish Pier might have been inferred to require reasonable accommodations to those of its tenants who in the course of their business needed to unload vessels docking at the pier. On the evidence it might have been found that the presence of lumpers on the pier was necessary for the conduct of the business of the defendant. The evidence also warranted the inference that laborers seeking employment in unloading vessels had, by general custom covering a series of years, gone upon the pier without seeking or receiving permission. In these circumstances the inference might well have been drawn that the notices conspicuously posted by the corporation in control of the pier were not designed to be applicable to laborers regularly seeking employment in unloading vessels. A finding of implied invitation on the part of the corporation controlling the pier to such laborers was warranted. Moreover, it is to be observed that the defendant was a tenant of the corporation controlling the pier and not the person maintaining the signs. As tenant it might have been found to be under the duty to treat those permitted by its landlord to be upon the premises as there rightfully and not as mere licensees. The cases upon which the defendant relies, illus-

trated by *Norris* v. *Hugh Nawn Contracting Co.* 206 Mass. 58, and *Lally* v. *A. W. Perry, Inc.* 277 Mass. 463, are not applicable to the facts here disclosed. The general principle declared in *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, and *Corrigan* v. *Union Sugar Refinery,* 98 Mass. 577, supports the conclusion that the case was rightly submitted to the jury. It would have been error to rule as matter of law that the plaintiff was a trespasser or a mere licensee possessing rights only on that footing. No question is raised on this record concerning the due care of the plaintiff and the negligence of the employee of the defendant.

*Exceptions overruled.*