EDWARD A. WURM *vs.* ALLEN CADILLAC COMPANY.

SAME *vs.* JAMES K. PERRY.

Hampden.     September 22, 1938. — November 1, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence,* Invited person. *Landlord and Tenant,* Repairs, Tenant's liability to third person. *Agency,* Agent's knowledge.

Mere negligence of an employee of a corporation which was in exclusive possession, as a tenant at will, of land with a building thereon occupied by it in its business of selling and repairing automobiles did not entitle a painter, who was upon the premises as an employee of the landlord but without the knowledge of anyone in authority for the corporation, and who was injured by reason of such negligence, to maintain an action against either the corporation or its employee.

TWO ACTIONS OF TORT. Writs in the District Court of Springfield dated, respectively, October 26 and December 1, 1937.

There were findings for the plaintiff in each action by *Spooner,* J., in the sum of $4,115. Upon reports to the Appellate Division for the Western District, the findings

were ordered vacated and findings were ordered entered for the defendants. The plaintiff appealed.

*J. H. Madden,* for the plaintiff.

*J. P. Kirby,* for the defendants, submitted a brief.

RONAN, J. These are two actions of tort, one against a corporation and the second against an individual, an employee of the corporation, to recover for personal injuries sustained by the plaintiff by reason of the alleged negligent operation of an automobile by the employee. There was a finding in each case in the District Court for the plaintiff. The plaintiff appealed from orders of the Appellate Division vacating the findings for the plaintiff and ordering a finding for each defendant.

The corporate defendant, hereinafter called the company, occupied, as tenant at will, the whole of certain premises located upon the corner of two streets in Springfield. All that appears as to the terms of the letting is that there was no written agreement between the parties, "the only agreement being an oral one concerning the amount of rent which is paid monthly." There was a two-story brick building situated upon the demised premises which the company occupied in conducting its business of selling and repairing automobiles. A salesroom was on the ground floor and a repair shop upon the second floor. Entrance to the repair shop was at the rear end of the building where a runway or ramp led up to the second floor.

The owner of the premises desired to paint the outside woodwork of the building but did not intend to do any painting on the inside of the structure. There was no testimony of any arrangement or agreement between the owner and the company in regard to the painting or that any permission to enter the premises for the performance of this work had been given by the company. Neither was there any evidence that the painting was being done at its request. The plaintiff had been in the employ of the owner for a long time as a working foreman painter. He was sent by his employer to paint the outside woodwork of the building, and was engaged in this work with some other painters for

three or four days prior to the accident.  The plaintiff was standing upon a stepladder, painting the cornice over the entrance to the repair shop, when the defendant Perry, in changing the position of an automobile in the repair shop, backed the automobile against the ladder, throwing the plaintiff down and injuring him.  Perry did not know the position of the plaintiff although he could have easily seen him before he started to back the automobile, and knew before the accident that painters were working upon the building.  It could have been found that Perry was acting within the scope of his employment in backing the automobile, and it also could have been found that the accident was caused by his negligence.

The defendants contend that the plaintiff was a trespasser and that as the judge found that the accident was not caused by any wilful, wanton or reckless misconduct of Perry, he was in error in predicating liability upon ordinary negligence.  The decision turns upon the relation of the plaintiff to the company.

The company was in exclusive possession of the premises, including the scene of the accident and the outside walls of the building together with the woodwork located thereon and which was being painted.  *Lowell* v. *Strahan,* 145 Mass. 1.  *Anderson* v. *Kopelman,* 279 Mass. 140, 145– 146.  Its tenancy was in full force and effect and the owner had no lawful right of entry without its permission.  *Dickinson* v. *Goodspeed,* 8 Cush. 119.  *Whitehouse* v. *Aiken,* 190 Mass. 468.  No right was reserved by the landlord to enter upon the premises and he was under no obligation to make repairs thereon during the term.  *Szathmary* v. *Adams,* 166 Mass. 145.  *Fiorntino* v. *Mason,* 233 Mass. 451.

The company did not request the performance of the work.  We do not know the size of the building, the location of the office, the places where painting had been done, or any other circumstances shown by the reports that would indicate that any official of the company, authorized to consent to the doing of the painting, knew that the work was being done.  No such official was shown to have been about the premises during the time that the painting was

in progress.  It is true that Perry knew that painting was being done for three or four days before the accident.  The number of painters employed on the work is not disclosed by the reports.  Perry's only connection with the company was that of an employee in the repair department.  His knowledge of the presence of the painters was not a matter pertinent to any duties included within the scope of his employment and such knowledge could not be imputed to the company.  He had nothing to do concerning the use and occupancy of the premises and his knowledge was not constructive notice to his principal.  *National Security Bank* v. *Cushman,* 121 Mass. 490.  *Stetson Press, Inc.* v. *Bunsen Oil Burner Corp.* 285 Mass. 291.  There was no direct evidence that the company knew that the plaintiff was working upon its premises and there is nothing that would warrant a reasonable inference of that fact.

The plaintiff contends that the painting would be beneficial to the company and that he was therefore upon the premises in the interest of this defendant.  It may be that this improvement of the property would make the building more attractive and would net an advantage to the company.  It has been held that the accrual by the owner of a mere incidental benefit from one on the premises by permission was not sufficient to make him an invitee.  *Plummer* v. *Dill,* 156 Mass. 426.  *Pilon* v. *Easthampton Gas Co.* 248 Mass. 57.  The company, however, was free to give or withhold its consent, for reasons sufficient to itself or for no reason at all.  *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 267 Mass. 541, and cases cited.  It had never been given an opportunity to exercise its choice.  It could not consent unless it knew the work was to be done or that it was being actually performed.  It is difficult to understand how there could be consent to the performance of an act in the absence of any knowledge that such an act was contemplated.  It is not necessary to decide whether the plaintiff would be an invitee if such consent were given.  See *Mikaelian* v. *Palaza,* 300 Mass. 354.

The action of the landlord was voluntary, and the consent of the company to the performance of the work and its

acceptance of the benefits and burdens thereby accruing to it could not be shown, in the absence of full knowledge of all the material facts. A volunteer cannot impose liability upon another who is ignorant of his action even though it may be a benefit to such person. *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306. *James F. Monaghan Inc.* v. *M. Lowenstein & Sons Inc.* 290 Mass. 331. That the company would probably consent to the execution of the work would be important upon the question of implied consent if it were first shown that it had knowledge that the work was contemplated or in progress. That point had not been reached in the cases at bar.

The plaintiff contends that the present cases are governed by the principles illustrated in *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515. There the plaintiff was upon the defendant's premises with its knowledge and consent and for a purpose in which it could have been found to have had an interest. She was injured in the defendant's factory while walking along a passageway which she had been directed to use by the defendant's authorized agent. The facts are different in the cases at bar.

In *Gardner* v. *Copley-Plaza Operating Co.* 220 Mass. 372, the plaintiff, an employee of a subcontractor, was engaged in completing the construction of a hotel. The defendant had already taken possession under a lease and was conducting a hotel in those portions of the building which had been finished. The plaintiff was held to be lawfully upon the premises in making the hotel suitable for occupancy, and entitled to recover for the negligence of an employee of the lessee. In *Silva* v. *Henry & Close Co.* 279 Mass. 334, the plaintiff had gone to a fish pier in search of work in unloading vessels. He was injured by the negligence of an employee of the defendant, one of the tenants of the pier. The business of the tenants required laborers to unload the vessels, and for years laborers had gone to the pier for this purpose. They were necessary for the conduct of the defendant's business. They could have. been found to have been upon the pier at the implied invitation of the landlord in furnishing reasonable accommodations for the use of its ten-

ants. Both of these cases are distinguishable from the instant cases. In each the presence of the plaintiff was either known or shown to be probable, and in each the plaintiff could have been found to have been upon the premises for a purpose in which the defendant had an interest. Moreover, the possession of the premises by the tenant in each of the cases cited was not exclusive as to the plaintiff.

The plaintiff entered the premises in whatever right, if any, the owner had and not by any invitation, express or implied, of the company, *Harrington* v. *Dorchester Fields Corner Storage Warehouse Co.* 297 Mass. 85, but the owner himself had no right to enter and could not lawfully authorize the plaintiff to do so. *Dickinson* v. *Goodspeed,* 8 Cush. 119. The company had not given the owner right of possession or control over any part of the demised premises. It remained in exclusive possession. We are unable to find any evidence that the plaintiff was upon the premises by invitation or by permission to do the painting. His presence there was not lawful as to the tenant, and he could not recover for ordinary negligence against either defendant. *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449, 452. *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 144. *Brosnan* v. *Koufman,* 294 Mass. 495. *Wynn* v. *Sullivan,* 294 Mass. 562, 564. *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344. Am. Law Inst. Restatement: Agency, § 347. In each case the entry will be

*Order of Appellate Division affirmed.*