PHILIP J. HART *vs.* M. S. KELLIHER COMPANY.

Worcester.   January 7, 1941. — January 28, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Negligence*, Invited person, One owning or controlling real estate.

Findings were warranted that an applicant for work was an invitee of a building contractor while waiting on a platform on which bags of cement were piled, and that the contractor was negligent in failing to warn him of the danger, of which he was ignorant but of which the contractor knew or should have known, that the bags might fall on him because of improper piling.

TORT.   Writ in the Superior Court dated October 8, 1935.

The case was tried before *T. J. Hammond,* J., and a verdict was returned for the plaintiff in the sum of $4,066. In this court the case was submitted on briefs.

*J. J. MacCarthy,* for the defendant.

*J. M. Hart, Nicholas Fusaro & Nunziato Fusaro,* for the plaintiff.

RONAN, J. The plaintiff, who had previously been employed as a laborer on an hourly basis by the defendant company, which was engaged in the construction of an addition to a hospital in Worcester, came to the hospital premises on various occasions seeking employment. On his last visit before the accident he was told by the defendant's superintendent that there was no work then but that if he returned the first of the following week the superintendent would put him to work if there was any available work. On Tuesday morning, June 11, 1935, the plaintiff again applied for work. He met the superintendent in front of a wooden platform upon which were piled several hundred bags of cement covered by canvas. The superintendent informed him that he did not know if there was any work and told the plaintiff to "sit down there and wait and that he would check up and let . . . [him] know later." The plaintiff had been sitting on this platform about an hour when he was struck by several bags of cement which fell from the pile. The pile was seven to eight feet high at the ends and possibly twelve feet high in the center. The bags were piled upon their flat sides but they were not "bonded" and the pile leaned somewhat toward the front of the platform where the plaintiff was sitting. Bags were frequently taken and were carried to the mixing machine, which was a short distance away. Several bags were taken from the pile while the plaintiff was sitting upon the platform. There was evidence upon which a jury could find as facts the matters that have been mentioned. The plaintiff had a verdict. The defendant excepted to the refusal to grant its motion for a directed verdict.

The defendant had constructed the platform for the storage of cement, and had also erected near the platform a small, temporary structure which it used as an office. It could be found that a large quantity of cement was re-

quired for the construction of the addition to the hospital
and that in the performance of this work the defendant had
taken possession and control of the place where the accident
occurred. *Garland* v. *Townsend,* 217 Mass. 297. *Mikaelian*
v. *Palaza,* 300 Mass. 354.

The plaintiff, after he had been directed to sit down and
wait until the superintendent could determine if there was
an opportunity for him to go to work, could be found to have
acted reasonably in going to the platform and waiting until
he learned the decision of the superintendent. At least
it could not be said, as matter of law, that he was not follow-
ing directions in sitting upon the platform. He could be
found to be lawfully there in relation to a matter of business
in which both the defendant and himself had an interest,
and it could also be found that his presence there was not
merely permissive and that his status to the defendant rose
higher than if his presence there were only by passive
acquiescence of the defendant. There was evidence that
he was induced by the remarks of the superintendent to go
to the platform and to remain there until he was advised
whether he was to be employed by the defendant. The jury
were warranted in finding that the plaintiff was upon the
platform in accordance with the defendant's invitation and
that the defendant was bound to use reasonable care to see
that he was not injured while there on account of its unsafe
condition. *Gardner* v. *Copley-Plaza Operating Co.* 220 Mass.
372. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515,
519. *Silva* v. *Henry & Close Co.* 279 Mass. 334. *Denny* v.
*Riverbank Court Hotel Co.* 282 Mass. 176. *Lanstein* v. *Acme
White Lead & Color Works,* 285 Mass. 328, 329. *Fulton* v.
*Edison Electric Illuminating Co. of Boston,* 303 Mass. 258.
See *Forgione* v. *Frankini Construction Co., ante,* 29, 30.

There was testimony that bags of cement were last added
to the pile on the Friday preceding the accident; that the
bags were not properly piled; and that the defendant's
employees had pulled bags out of the side of the pile as it was
difficult to reach the bags on the top. The defendant's
superintendent was in the vicinity of the platform on several
occasions when the plaintiff was seated there before the

accident, and the platform on which the cement was piled was located a few feet from the defendant's office. A jury could find that the defendant knew or ought to have known that the pile was insecure and likely to fall, and should have warned the plaintiff of the danger of which, the jury could find, he was ignorant. *Mahar* v. *Steuer*, 170 Mass. 454. *Millard* v. *West End Street Railway*, 173 Mass. 512. *Gile* v. *J. W. Bishop Co.* 184 Mass. 413. *Pickwick* v. *McCauliff*, 193 Mass. 70. *Conroy* v. *G. W. & F. Smith Iron Co.* 194 Mass. 468. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322, 325. *Meehan* v. *Gordon*, 307 Mass. 59.

*Exceptions overruled.*