PERCIVAL T. ADAMS *vs.* GEORGE LAWLEY AND SON CORPO-
RATION.

Suffolk.   May 7, 11, 1943. — May 26, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Shipyard, Contributory, Invited person, Contractual limita-
tion of liability.  *Contract*, Construction, Limiting liability.  *Words*,
"Passing through the works."

It could not properly have been ruled that one struck and injured by a
rope which broke while being used to move a heavy object was guilty
of contributory negligence where there was evidence that he was
standing as far away from the rope as was the person who was in charge
of the moving and in a position where he had been directed to stand
by that person.

Evidence would have warranted a finding that an employee of the owner
of a boat stored at a shipyard for the winter was not a mere licensee of
the proprietor of the shipyard but was a business invitee while doing
certain work on the boat which was necessary to fit it to go to sea and
which, by arrangement between the owner and the proprietor, was
being done by the owner with his own employees.

A pass issued by the proprietor of a shipyard providing that the holder
assumed all risks of injury "in passing through the works" would not
exempt the proprietor from liability which he otherwise would incur
to a business invitee injured through his negligence while working on
a boat stored at the shipyard.

One, who was a business invitee of the proprietor of a shipyard while
doing certain repair work on a boat stored there, did not lose that
status while temporarily standing near the boat waiting for it to be
moved by the proprietor.

TORT.   Writ in the Superior Court dated November 5,
1941.

A verdict for the defendant was ordered by *Brown*, J.,
who reported the action with a stipulation that, if the verdict
properly was ordered, judgment should be entered for
the defendant; otherwise judgment should be entered for
the plaintiff in a specified sum.

*G. I. Cohen*, (*V. D. Bowen* with him,) for the plaintiff.
*G. S. Alberts*, for the defendant.

RONAN, J.   The plaintiff, a carpenter and painter, was
employed in the first part of April, 1941, by one Kelly, to

repair two boats, owned by Kelly and stored with other pleasure craft in a large shed at the defendant's shipyard in Neponset upon the shores of Dorchester Bay. In years previous to 1941, the owners who stored their boats each fall at the defendant's yard generally had the defendant do the work necessary to put them in proper condition to be put into the water in the following spring. The defendant was short of labor in the early part of 1941 and did only certain kinds of work on the boats, leaving the owners to obtain the other labor. Moreover, the defendant contemplated clearing the shed of all private boats, demolishing the shed, and rearranging its premises so as to commence "war work." Kelly had arranged with the defendant to furnish some labor and materials for his boats and he was to do the rest of the work with his own employees. When the plaintiff first went to work at the defendant's yard, Kelly talked to the watchman, who was stationed in a house at the entrance to the yard, and thereafter the plaintiff entered and left the defendant's premises by going through this house.

Kelly, the plaintiff, two other employees of Kelly, and one employee of the defendant were working on one of Kelly's boats on May 27, 1941, when Comeau, the chief rigger of the defendant, and his crew advised them that he was going to move the boat out of the shed. Comeau attached a rope to the boat, or to the cradle upon which it rested, brought the rope across the shed and around a block out through the entrance on the land end of the shed and thence to a winch which was electrically operated. The plaintiff was standing outside the shed when Comeau made a second attempt to move the boat; the rope broke, striking both Comeau and the plaintiff. There was some conflict in the evidence in various aspects of the case, but the jury could find as facts the matters just stated.

The defendant makes but two contentions, (1) that the plaintiff as matter of law was contributorily negligent, and (2) that he was a licensee at the time he was injured and could not recover upon proof of ordinary negligence of the defendant.

The plaintiff was standing about twenty feet away from the rope when he was injured. He was as far away from the rope as was Comeau. He was standing where he had been directed to stand by Comeau. He had a right to rely to some extent upon the assumption that Comeau himself would be expected to stand at a safe distance from the rope, and that Comeau would not direct him to stand in other than a proper place. While he knew that Comeau had in mind that the rope might break when Comeau told him to stand back, yet it could be found that he was acting reasonably when he stood where he was directed by the defendant's chief rigger who was in charge of the operation of moving the boat. The burden was on the defendant to prove the negligence of the plaintiff, and upon this record it could not be ruled that the defendant had sustained that burden. *Pickwick* v. *McCauliff*, 193 Mass. 70. *Silver* v. *Cushner*, 300 Mass. 583. *Meehan* v. *Gordon*, 307 Mass. 59. *Zawacki* v. *Finn*, 307 Mass. 86.

The plaintiff was engaged in repairing a boat of one of the defendant's customers. The defendant was supplying labor and furnishing material to this customer for the purpose of fitting up the boat so that it could go to sea. It had consented to the doing of some of the work by the owner's employees. The defendant had a pecuniary interest in the work which was being done upon the boat and derived a financial advantage from its performance. A servant of an employer, working upon the premises of the owner in the performance of work in which the owner has a financial or commercial interest, is upon the premises by virtue of an implied invitation of the owner. *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487, 489. *Hayes* v. *Philadelphia & Reading Coal & Iron Co.* 150 Mass. 457, 460. *Murphy* v. *Avery Chemical Co.* 240 Mass. 150, 152. *Gray* v. *Boston, Revere Beach & Lynn Railroad*, 261 Mass. 479, 482. The plaintiff could be found to be upon the premises at the implied invitation of the defendant. *Gardner* v. *Copley-Plaza Operating Co.* 220 Mass. 372. *Blood* v. *Ansley*, 231 Mass. 438. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515. *Silva* v. *Henry & Close Co.* 279 Mass.

334.  *Kelley* v. *Goldberg,* 288 Mass. 79.  *Engel* v. *Boston Ice
Co.* 295 Mass. 428.  *Brooks* v. *Sears, Roebuck & Co.* 302
Mass. 184.  *Lawson* v. *Royal Riding Stables, Inc.* 305 Mass.
494.  *Hart* v. *M. S. Kelliher Co.* 308 Mass. 213.

The defendant, however, contends that the plaintiff
was not an invitee because his rights in the shipyard were
governed by the provisions of a pass which the defendant
had issued to Kelly.  Kelly testified that at some time a
pass was issued to him.  He produced a pass dated June
1–30, 1941, which read: "Admit Mr. George Kelley and car
To Yacht  Thuban & Yram  Purpose  owner  Not trans-
ferable."  "Any person Accepting This Pass Assumes All
Risks of Injury From Any Cause In Passing Through The
Works."  Kelly also testified that he took the plaintiff
Adams into the shipyard under his pass and as one of his
crew.  The defendant could exempt itself from liability
for negligence for any injury that might be sustained by
Kelly while going to or from his boats, *Clarke* v. *Ames,*
267 Mass. 44; *Ortolano* v. *U-Dryvit Auto Rental Co. Inc.*
296 Mass. 439, or it could qualify or limit its liability to
him provided that notice of the exemption or the limitation
of liability was given to Kelly.  *Kushner* v. *McGinnis,* 289
Mass. 326, 331.  *O'Brien* v. *Freeman,* 299 Mass. 20, 22.
*Sandler* v. *Commonwealth Station Co.* 307 Mass. 470.

No pass was ever issued to the plaintiff.  The jury could
find that he did not know that any pass had been issued
to Kelly or, if he did, that he did not know its contents.
There was no evidence that more than one pass had been
issued to Kelly, and the only pass introduced in evidence
bore a date subsequent to the accident.  Moreover, this
pass contained a provision that it was "Not transferable."
That pass did not on its face include employees of Kelly.
An employee of Kelly who was working with the plaintiff
on the day of the accident testified that no pass was given
to him but that Kelly had arranged with the defendant to
allow him to enter the shipyard.  If we assume that the
plaintiff's rights while on the defendant's premises were
no greater than those of Kelly and that a pass like that
introduced in evidence had been issued to Kelly prior to

the accident, then the jury was not required to find that the plaintiff was a licensee. The pass did not exempt the defendant from liability for the entire period during which the plaintiff was on the premises and it did not cover the entire premises. It applied only to risks which might be encountered while one was "passing through the works." These words are to be given their ordinary and usual meaning and must be interpreted with reference to the situation to which they were intended to apply. *Farber* v. *Mutual Life Ins. Co.* 250 Mass. 250. *Redden* v. *Ramsey*, 309 Mass. 225. There was no evidence that the plaintiff was passing through the plant at the time he was injured. Compare *Freeman* v. *United Fruit Co.* 223 Mass. 300.

The jury could find that at the time of his injury he was on that part of the premises where he had a right to be, and that he did not lose his status of an invitee of the defendant while he was temporarily waiting to resume his duties when the boat of his employer had been moved by the employees of the defendant. *Griswold* v. *Boston & Maine Railroad*, 213 Mass. 12. *Von Ette's Case*, 223 Mass. 56. *Hughes's Case*, 274 Mass. 540. *Watkins* v. *New York, New Haven & Hartford Railroad*, 290 Mass. 448. *Noble* v. *Greenbaum*, 311 Mass. 722.

There was error in directing a verdict for the defendant and, in accordance with the stipulation, judgment must be entered for the plaintiff in the sum therein mentioned.

*So ordered.*