Rescripts.

NATHAN BATES & another *vs.* CHARLES E. CALLAHAN & others. April 29, 1964. Exceptions overruled. Verdicts were returned against three defendants in favor of two plaintiffs who, while painting a service station operated by the defendant Patrick Spennetto (Spennetto) and his brother Abraham, were knocked from ladders by a motor vehicle brought for servicing to the station by the registered owner, the defendant Mrs. Callahan, whose husband, also a defendant, although unable to drive, did, at Abraham's request, enter the vehicle, where Spennetto had left it, and start the motor. In doing so, he accelerated the motor while the gears were engaged, causing the vehicle to leap forward and strike the ladders. Under the rule stated in *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302, all issues were properly left to the jury. Callahan's operation of the vehicle, when he was unqualified to do so, could be found a negligent act. Whether Mrs. Callahan was legally responsible for the conduct of her husband became a question of fact by force of G. L. c. 231, § 85A. Abraham's request, complied with by Callahan, that Callahan start the motor, warranted a finding that Callahan was temporarily the agent of Spennetto. Finally, although the plaintiffs were not under contract with Spennetto or in his employ, the jury could find that they were on the premises with permission and for a purpose in which Spennetto had a beneficial interest and, therefore, were business invitees to whom Spennetto and his agents owed the duty of reasonable care. *Hart* v. *M. S. Kelliher Co.* 308 Mass. 213, 215. *Adams* v. *George Lawley & Son Corp.* 314 Mass. 87, 89–90. Compare *Wurm* v. *Allen Cadillac Co.* 301 Mass. 413. It could not be ruled as matter of law that the plaintiffs had assumed the risk or were contributorily negligent. *Meehan* v. *Gordon,* 307 Mass. 59, 62–63. *Zawacki* v. *Finn,* 307 Mass. 86, 88. The motions for directed verdicts were rightly denied.

*James W. Bailey* for the defendant Spennetto.

*Raymond F. Barrett* for the plaintiffs.

*Charles W. O'Brien,* for the defendants Callahan & another, submitted a brief.

HERBERT ARRUDA, petitioner. April 29, 1964. Appeal dismissed. This is an appeal from an order of a single justice dismissing a petition to establish the truth of exceptions in an action in the Superior Court for goods sold and delivered in which the petitioner was the plaintiff. An appeal does not lie from a decision of a single justice of the Supreme Judicial Court in an action at law. *Procida* v. *Ianiantuani,* 295 Mass. 479. *Lord* v. *Board of Selectmen of Winchester,* 346 Mass. 786. We may add that we have examined the transcript and agree with the single justice that changes were necessary to cause the bill to conform to the truth.

*Fred M. Thomas* for the petitioner.

No argument or brief for the respondent.

ROSE A. FRANO *vs.* FRANCESCO FRANO. April 30, 1964. Decree affirmed. This is an appeal from a decree of the Probate Court allowing the will of Rocco Frano, late of Braintree. The evidence is reported and the judge made a report of the material facts found by him. The evidence related chiefly to the issue of testamentary capacity. The judge in his report of material facts concluded that the decedent "was of sound mind and legal capacity." There was no error. The question of the decedent's capacity to make a will was one of fact and we cannot say that the conclusion of the judge was plainly wrong.

*Fred J. Moscone* for the contestant.

No argument or brief for the proponent.