PAUL CHARITY *vs.* GEORGE YATES.

Middlesex.    April 4, 1968. — May 6, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Landlord and Tenant,* Letting of defective premises, Letting of premises on pond, Control of premises, Landlord's liability to tenant or one having his rights. *Negligence,* Contributory, In diving. *Practice, Civil,* Amendment.

No abuse of discretion appeared in an action of tort in denial of a motion by the plaintiff to amend the declaration by adding a count in contract. [276]

Evidence in an action of tort that the defendant let a summer cottage on a great pond to the plaintiff, together with the use of a wharf in front of the cottage, that the plaintiff, after watching others dive into the pond from the wharf a number of times, himself dove at about the same place and was injured by striking a large rock, and that the defendant knew of the presence of the rock but failed to warn the plaintiff of it did not require a ruling of law that the plaintiff was guilty of contributory negligence, and warranted a finding that the defendant failed in his duty to the plaintiff and was liable even though the rock was in the pond, the property of the Commonwealth. [276–277]

TORT.    Writ in the Superior Court dated November 3, 1965.

A motion to amend was heard by *Ford,* J., and the action was tried before him.

*William C. Geary* for the plaintiff.

*Mayo A. Darling* for the defendant.

SPIEGEL, J.    This is an action of tort to recover for personal injuries sustained by the plaintiff "while diving from a wharf on . . . premises" let by the defendant. The plaintiff moved to amend his declaration by adding a count in contract. This motion was denied. The defendant filed a motion for a directed verdict which was allowed. The case is before us on the plaintiff's exceptions to the denial of his motion to amend and to the allowance of the motion for a directed verdict.

We summarize the evidence most favorable to the plaintiff. The plaintiff rented from the defendant one half of a furnished duplex summer cottage at Lake Muscuppic, a great pond, for two weeks in July of 1965. The defendant occupied the other half of this cottage. Included in the rental was the use of the private beach in front of the cottage, the use of the wharf, boat and the raft which were on the lake and in front of the cottage. The plaintiff "dove from the wharf" into the pond and hit a big rock below the surface. After he was injured, the defendant said to him that both he and his son "did the same thing," and that he should have warned the plaintiff of the danger. Before the plaintiff dove into the water for the first time, he had been watching both of his sons diving from the wharf "right around the same spot from which he dove." One of the plaintiff's sons "dove from the wharf about eight . . . times before his father did." The plaintiff's son had several conversations with the defendant and the defendant told him that he "had been clearing those rocks for years, and that he had wished he had got to that area," that the defendant "had scraped his whole head and chest, and that his own son had a similar experience on the same rock." The plaintiff's wife also had a conversation with the defendant after the accident in which the defendant said that "he had scraped his face and stomach on the rock in the water, and that his . . . son did the same thing."

1. There was no error in denying the plaintiff's motion to amend the declaration by the addition of a count sounding in contract. "The allowance of an amendment was, of course, within the discretion of the judge. In an action at law an exercise of discretion can be revised only where the matter 'is so clear that discretion is superseded by imperative legal duty.'" *Desmond* v. *Boston Elev. Ry.* 319 Mass. 13, 16. *Saldi* v. *Brighton Stock Yard Co.* 344 Mass. 89.

2. The motion for a directed verdict should have been denied. The defendant contends that the evidence discloses contributory negligence on the plaintiff's part, and that the

Charity *v.* Yates.

defendant "should not have anticipated that an adult would dive" into shallow water. Contributory negligence is an affirmative defence, and "[i]t can seldom be ruled that the burden of proof resting upon oral testimony has been sustained" so as to justify a directed verdict. *Zawacki* v. *Finn,* 307 Mass. 86, 88. *Bates* v. *Callahan,* 347 Mass. 772. There was evidence that the plaintiff had observed others diving at the same spot before he himself did so, and that the defendant had dived there and struck the same obstacle. The issue of contributory negligence was clearly for the jury to determine.

It is well settled that a landlord may be held liable for a tenant's injury caused by a hidden defect of which the landlord had knowledge and which he did not disclose to the tenant. *Stumpf* v. *Leland,* 242 Mass. 168. *McDermott* v. *Merchants Coöp. Bank,* 320 Mass. 425. *Carney* v. *Bereault,* 348 Mass. 502, at 509. In the case at bar there was evidence that the defendant knew of the existence of a hidden defect and failed to warn the plaintiff. The defendant argues that the plaintiff is not entitled to recover because the defect was not located on the let premises but in the pond, which was the property of the Commonwealth. There was evidence, however, that the defendant let the wharf as his own property, and that swimming was an expected use. In these circumstances, title to the pond in which the rock was located does not affect the defendant's liability. "The act of the defendant in letting the property was an assumption of control, and created the relation of landlord and tenant and the duties attendant upon that relation." *Skolnick* v. *East Boston Sav. Bank,* 307 Mass. 1, 3. *Miller* v. *Berk,* 328 Mass. 393. To direct a verdict for the defendant is improper "if there can be found anywhere in the entire evidence any set of circumstances that will support a reasonable inference in favor of the plaintiff." *Mazzaferro* v. *Dupuis,* 321 Mass. 718, 719. The evidence in the instant case supports such a reasonable inference.

*Exceptions sustained.*