*Northern District*

No. 6763.

**ELMER RACINE d/b/a**
**MALDEN AUTO REPAIR**

v.

**ALBERT W. WOODARD d/b/a**
**E. D. KAULBACK & SON**

and

**MALDEN TRUST COMPANY**
**TRUSTEE**

Argued: May 22, 1968  Decided: July 22, 1968

*Present:* Connolly, P. J., Parker, Yesley, J. J.

Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex No. 5370 of 1967.

*Connolly, J.* *This is an action of contract* commenced by trustee writ, dated December 1, 1967, and returnable to the First District Court of Eastern Middlesex, December 18, 1967, in which the plaintiff seeks to recover monies owed for work, labor and materials on an account annexed in the amount of $83.53. The ad damnum of the writ is $300. The alleged trustee was served with process on December 4, 1967.

The trustee filed its answer under oath asserting at the time of the service of the writ upon it, its books disclosed a sum of $217.54 owing to one E. D. Kaulback & Son.

Thereafter, on December 26, 1967, the defendant, Albert W. Woodard, d/b/a E. D. Kaulback & Son, failed to make an installment payment on a promissory note dated July 21, 1967, payable to the trustee, Malden Trust Company. Under the terms of the note, the entire balance of the principal then owing became due and payable. At that time the trustee applied the amount previously attached against the principal owing on the note.

On January 5, 1968, the trustee filed a motion to amend its answer. The amended answer asserted that as of this date the trustee had no goods, effects or credits of the principal defendant. On the same day the defendant was defaulted.

On January 9, 1968, the plaintiff filed a motion to charge the trustee.

Thereafter, on January 12, 1968, both the trustee's motion to amend its answer and the plaintiff's motion to charge trustee were heard by the court and taken under advisement. The court denied the trustee's motion to amend its answer and allowed the plaintiff's motion to amend its answer and allowed the plaintiff's motion to charge the trustee.

The trustee claiming to be aggrieved by the rulings of the trial judge requested the trial judge to report the case to this Division for determination.

There was no error in denying the trustee's motion to amend its answer. "The allowance of an amendment was, of course, within the discretion of the judge. In an action of law an exercise of discretion can be revised only when the matter 'is so clear that discretion is superseded by imperative legal duty' ".

No imperative legal duty existed to require the allowance of the amendment in this case. *Charity* v. *Yates,* 354 Mass. 275.

The answer of the trustee asserted that at the time of the service of the writ, its books disclosed funds owing to the defendant. The answer was under oath and must be considered as true.

The trustee was clearly chargeable. There was no error in the allowance of the plaintiff's motion to charge the trustee.

G.L. c. 246, § 16.

It is unnecessary in view of the above to discuss the right of set-off claimed by the trustee.

There being no error, **the report is dismissed.**

HENRY LEWIN
   for plaintiff
SPENCER & STONE
   for Defendant