*Southern Division*

**WILLIAM L. JOHNSON, ET AL**

v.

**MARDEN REALTY, INC., ET AL**

**AND**

**DOMENICK M. PETRELL**

*Present:* Nash, P. J., Cox and Welch, JJ.

Case tried to *Kupka, J.,* in the Second District Court of Plymouth. No. 27600.

*Cox, J.* This action, originally against the corporate defendant as broker, was brought to recover deposits made by the plaintiffs in connection with an agreement to purchase real estate in the town of Hanover. At the conclusion of the trial on October 22, 1959, it appearing that the corporate defendant had turned over the deposits to Domenick M. Petrell, the owner of the real estate, the plaintiffs moved to have Petrell joined as a party defendant. The judge allowed the motion. An order of notice issued which was returnable on Saturday, November 7, 1959. The report states that the defendant Petrell was defaulted on November 12, 1959 for failure to appear and answer.

It appears in the report that Petrell was defaulted in the forenoon of November 12, 1959. He contends that he was thereby deprived of his right to file a timely appearance and answer. In support of his contention he correctly observes that under Rule 13 of the District Courts (1952) he had three days within which to appear and answer after the return of the order of notice on Saturday, November 7, 1959. He points out that Wednesday, Nov. 11, 1959, was a legal holiday, G. L. c. 4 §7, cl. 18, and that he accordingly had until the close of business on Thursday, November 12, 1959 to appear and answer. G. L. c. 4, §9. Rule 13. It does not appear by what authority

Petrell was defaulted in the forenoon of Thursday, November 12, 1959 and no doubt that had a bearing on his inability to remove the case to the Superior Court for trial. Apparently the position was taken that he lost his right to remove after the expiration of two days following his default. Be that as it may, the point is of no consequence for reasons which shall appear.

On December 3, 1959 the judge on Petrell's motion removed the default and gave him leave to appear and defend on or before Dec. 5, 1959. At the same time the plaintiffs were permitted to amend their declaration by adding a count against Petrell. On the same day, December 3, 1959, the judge assigned the case for trial on December 17, 1959. This was done over the objection of counsel for Petrell.

On December 5, 1959 Petrell filed an answer, a claim of trial by jury in the Superior Court, removal bond and removal fee. The docket contains an entry that the removal bond and fee are being held by the clerk ". . . due to the fact that the request for removal to Superior Court was too late."

On December 10, 1959 Petrell filed and the judge denied a motion under the caption "Motion to Order Clerk to Transmit Papers", as follows:

"NOW COMES the defendant Domenick M. Petrell and says that he has made a proper and timely claim of jury trial by the Superior Court, and that the Clerk of this Court has stated he is

satisfied with the surety on the removal bond, but that the said Clerk fails and refuses to comply with the provisions of General Laws (Ter. Ed.), Ch. 231, sec. 104;

WHEREFORE the said defendant Domenick M. Petrell moves that this Honorable Court order the Clerk of this Court to transmit to the Clerk of the Superior Court In and For the County of Plymouth the papers and entry fee in this case, in compliance with the terms of General Laws (Ter. Ed.), Ch. 231, sec. 104."

On December 17, 1959, when the case again came on to be heard, Petrell's attorney stated that he was not waiving his claim for trial by jury, but insisted on it and was going ahead only because the court ordered the trial to proceed. Petrell did not appear in person at the trial. The judge found for the plaintiff against the defendant Petrell in the sum of $895.00 and for the defendant Marden Realty, Inc.

The defendant Petrell did not claim a report of the denial of his motion by the judge and was, therefore, not entitled as of right to a report. However, the matter is included in the report of the judge and is to be considered as having been reported by the judge of his own volition. G. L. c. 231, §108. *La Caisse Populaire Credit Union v. Cross,* 293 Mass. 190, 191, 192; *Barry v. Sparks,* 306 Mass. 80, 85; *Elliott v. Warwick Stores, Inc.,* 329 Mass. 406, 409; *Harvard Electric & Machine Co.*

*Inc. v. G. & K. Provision Co.,* 333 Mass. 678, 683.

G. L. c. 231, §104, so far as is here material, provides:

". . . any defendant may within two days after the time allowed for entering his appearance file in said court a claim of trial by the superior court together with the sum of five dollars for the entry of the cause of each plaintiff in the superior court, and, except as provided in section one hundred and seven, a bond in the penal sum of one hundred dollars, with such surety or sureties as may be approved by the plaintiff or the clerk or an assistant clerk of said district court, payable to the other party or parties to the cause, conditioned to satisfy any judgment for costs which may be entered against him in the superior court in said cause within thirty days after the entry thereof. The clerk shall forthwith transmit the papers and entry fee to the clerk of the superior court, except that if such trial by the superior court is not claimed as to some parties to the action, the district court shall retain jurisdiction as to those parties, and the clerk shall transmit attested copies of the papers in lieu of the originals. Any case removed to the superior court under this section shall proceed as though originally entered there." It is also provided in section 107 of said Chapter 231, as follows: ". . . Said district court may, upon cause shown and after notice to all adverse parties, permit such removal to the superior court, upon the terms above specified, at any time prior to final judgment."

Manifestly Petrell could not remove the case while he stood defaulted. The judge, however, on December 3, 1959 removed the default against Petrell and permitted him to appear and answer on or before December 5, 1959. On December 5, 1959 Petrell appeared and filed his answer, a claim of trial by jury in the Superior Court, a removal bond and a removal fee of $5.00. It appears to us, therefore, that Petrell complied with G. L. c. 231, §104 by seasonably claiming a trial in the Superior Court. He had until December 8 to do so, the 6th falling on a Sunday. *Tuttle v. Boston,* 215 Mass. 57, 60. *Muldoon v. West End Chevrolet, Inc.,* 338 Mass. 91, 95. Petrell also complied by filing before the expiration of the time allowed by the statute, a claim of trial by the Superior Court, the entry fee of $5.00 and the removal bond conditioned to satisfy any judgment for costs against him in the Superior Court. Accordingly, it became his constitutional right to have the case against him submitted to the Superior Court for trial. G. L. c. 231, §104. *H. K. Webster Co. v. Mann,* 269 Mass. 381.

The case went to trial on order of the judge in the District Court but over Petrell's objection, who, under the circumstances, had no choice but to comply. He did not thereby waive his right to trial by jury. *Russo v. Charles I. Hosmer, Inc.,* 312 Mass. 231, 234; *Farnham v. Lenox Motor Car Co.,* 229 Mass. 478.

It becomes unnecessary to consider the

merits of the case and the defendant's requests for rulings which the judge denied. In our opinion, there was error prejudicial to the defendant Petrell. Accordingly, an order should be entered vacating the finding for the plaintiff against Petrell, reversing the denial of the defendant's motion to transmit papers to the Superior Court and directing the clerk to transmit forthwith papers and entry fee relating to the case against Petrell to the Superior Court in accordance with the provisions of G. L. c. 231, §§104, 107.

Thomas N. Byrnes, Jr. of Quincy, for the Plaintiff.
John H. Studley of Rockland, for the Defendant.