*Northern Division*

No. 6762

## MARTHA DeMICHAELIS

### v.

## SHAWMUT T.V. & APPLIANCE CENTER, INC.

Argued: May 22, 1968.  Decided: July 22, 1968

*Present:* Connolly, J. (Presiding), Parker & Yesley, JJ.

Case tried to *Brooks, J.* in the First District Court Of Eastern Middlesex   No. 4961 of 1966

*Parker, J.* This is a case remanded to the First District Court of Eastern Middlesex. It *is an action of tort for* personal injuries sustained on premises alleged to be under control of the defendant. The answer is a general denial, contributory negligence, assumption of risk, and lack of control of the premises.

*The court found the following facts,* and no question is raised as to the facts so found.

The plaintiff with her son and daughter- in-law went to the premises which were leased to Raymond's, Inc. who by an oral agreement permitted the defendant, to carry on a sale of television sets in an area set apart for that purpose. This sale was conducted entirely by the defendant's employees. The plaintiff was shopping on the premises with her son and daughter-in-law. She had been on her feet for a considerable time. She was looking for a place to sit down. She inquired of the defendant's salesman, who was selling TV's, as to where she could sit down. The defendant objected to the plaintiff stating what the salesman said to her in response to this question. She was permitted to answer the question "de bene". She testified that in answer to her question the salesman pointed to a carton approximately three feet by three feet by three feet (3 ft. x 3 ft. x 3 ft.) and said "sit on that". The defendant moved to expunge this question and answer. The court denied the motion. The report states, "The defendant requested that said ruling be reported".

The court found the carton was similar to cartons containing T.V. sets and plaintiff saw at least one other person sitting on a similar carton as the one pointed out to her. As she sat on it, it collapsed and she sustained physical injuries. There was no T.V. set in the box.

The defendant on its brief states that the issue to be decided in the case is the correctness of the court's ruling in permitting this question and the reception of the evidence by the plaintiff as to what the salesman said and did in response to it.

At the outset of this appeal we are met with the question as to whether the defendant on the record has properly saved his right to have his objection considered by this court. Rule 27 of the Rules of the District Courts (1965) in its fourth paragraph reads as follows:

> "When the objection is to the admission or exclusion of evidence, the claim for a report shall be made at the time of the ruling, and shall be reduced to writing in a summary manner and filed with the clerk within five days after the hearing of all evidence."

The docket fails to disclose the filing of any such writing. Therefore, the defendant, as of right, is not entitled to appeal. However, since the matter is included in the report of the trial judge, it is to be considered as having been reported by the judge of his own volition. *La Caisse Populaire Credit Union* v. *Cross,* 293 Mass. 190, 192. *Johnson* v. *Marden Realty, Inc.,* 21 Mass. App. Dec. 171, 174.

We shall therefore consider the question as to whether the court was correct in admitting in evidence the question asked the defendant's

salesman, his answer, and direction to the plaintiff, as the only question which is brought before us by the report, briefs and arguments.

The court found that the plaintiff was an invited customer of the defendant and the defendant does not raise any question as to this finding. The plaintiff being an invited customer of the defendant, the defendant owed the plaintiff the duty of ordinary care and diligence to maintain its premises in a reasonably safe condition and to warn the plaintiff of any danger that might arise from the use of the premises which were not likely to be known to the defendant and of which the defendant knew or should have known. *Tetrault* v. *Ghibellini,* 316 Mass. 477. *Berube* v. *Economy Grocery Stores Corp.,* 315 Mass. 89, 91. *Grogan* v. *O'Keefe's, Inc.,* 267 Mass. 189, 192.

The basic question in the case, is whether the invitation of the defendant's salesman to the plaintiff to sit on the carton could be found to be within his authority.

The ostensible powers of an agent are his real powers.

Limitations as between principal and agent of an apparently general authorization not brought to the knowledge of a person do not effect the rights of the latter. *Danforth* v. *Chandler,* 237 Mass. 518, 522.

The court could on the evidence, find that the salesman had the ostensible authority

to invite the plaintiff to sit on the carton. It could be found that seeing to the comfort of customers or prospective customers was consistent with and a part of his employment as a salesman for the defendant.

There was evidence that the plaintiff saw at least one person sitting on a carton before she asked the salesman where she could sit down. From this a reasonable person would conclude that such action was not forbidden by the defendant. However, she asked the salesman and he pointed out the carton and said ''sit on that''. The plaintiff followed his direction. Having been so directed it could be found that she acted reasonably in so doing. By this action it could be found that the plaintiff was induced by the remark of the defendant's salesman to sit there. It also could be found that the salesman knew or should have known that the carton was empty and have warned the plaintiff. *Hart* v. *M. S. Kelliher Co.*, 308 Mass. 213. *Meehan* v. *Gordon*, 307 Mass. 59, 62. *Denny* v. *Riverbank Hotel Co.*, 282 Mass. 176.

The defendant on its brief and in argument urges that this case is controlled by the case of *Barrett* v. *Wood Realty, Inc.*, 344 Mass. 370, where the plaintiff was a tenant at will of the defendant. Her toilet became clogged resulting in her apartment being flooded. The defendant's janitor tried to fix it and then called a plumber and the flow of water ceased. The

janitor cleaned up the apartment. The plaintiff was asked what the janitor said to her when he left the apartment. The question was excluded. The plaintiff was also asked if she had talked with the clerk of the defendant who collected her rent. This question was excluded. The Supreme Judicial Court affirmed the court's action in excluding this evidence on the basis that there was no evidence that either the janitor or the clerk were acting within the scope of their authority in what they said to the plaintiff or in what they did. The court held (p. 375) that the plaintiff was a tenant at will and as such she had exclusive control of the premises and the defendant had no obligation to repair.

In the case at bar the plaintiff was an invitee and the defendant owed her the duty to maintain the premises in a reasonably safe condition. The defendant's employee by his words and actions could be found to have failed in this obligation. The question and answer were properly admitted to show that it was his negligence in the course of his employment which resulted in the plaintiff's injuries.

**The Report will be dismissed.**

JOHN J. IRWIN, JR.,
    for the Plaintiff.
AVERY, DOOLEY, POST & AVERY,
    for the Defendant.